ALFRED G. CAPP *vs.* CHAMBERLAIN REAL ESTATE, INC.

Suffolk.   November 7, 1968. — December 10, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant*, Eviction, Services furnished by landlord, Indemnification of landlord.   *Damages*, Counsel fees.   *Equity Pleading and Practice*, Costs.

Findings by a master in a suit in equity required conclusions that the lessor of an apartment furnished therewith all normal services called for by the lease, and that, although prior to its execution he knew the lessee would use the apartment as a studio, the lessee, who remained in possession, was not constructively evicted through the landlord's failure to provide special wiring necessary to carry electricity to air conditioners and light fixtures installed by the lessee.  [60–61]

A provision in a lease that "in case of . . . termination" of the lease by the lessor "for any breach" the lessee would indemnify the lessor "against all loss and damage suffered by reason of such termination . . . including therein . . . attorney's fees, incurred by the Lessor," was inapplicable to charge the lessee with attorney's fees where it appeared that there had been no termination of the lease by the lessor.  [61]

In a suit in equity by a lessee against his lessor for relief substantially based on an alleged constructive eviction, which was not proved, the lessor was not entitled to an award of counsel fees beyond those allowed as statutory taxable costs.  [61]

BILL IN EQUITY filed in the Superior Court on August 4, 1967.

The suit was heard by *Good*, J., on a master's report.

*Ralph F. Mazza* for the plaintiff.

*George T. Padula* for the defendant.

CUTTER, J.   Capp's bill, filed August 4, 1967, alleges that he has been constructively evicted from premises leased to him by Chamberlain Real Estate, Inc. (Chamberlain).   The bill, among other things, seeks to restrain further collection of rent under the lease and also seeks declaratory relief concerning the rights and obligations of the parties to the lease.   Capp's principal complaint is that Chamberlain

failed to provide sufficient electricity to run air conditioners and light fixtures installed by Capp, and thus rendered the leased premises uninhabitable. Chamberlain's answer included a counterclaim for unpaid past rent and for costs and counsel fees. The facts are stated upon the basis of a confirmed master's report.

Capp and Chamberlain executed a lease of an apartment at 280 Beacon Street, Boston, to begin on April 1, 1967. Rent of $325 a month was to be paid monthly in advance. The lease was to continue for seventeen months (and possibly thereafter upon terms which need not here be stated). Prior to signing the lease, Capp sent an agent and employee, Harvey F. Curtis, to inspect the apartment. Curtis and Chamberlain knew that Capp intended to use the premises as a studio for working on a newspaper comic strip. A fuse box in the apartment was open for inspection by anyone examining the apartment. Curtis had opportunity to examine the wiring and outlets.

On April 1, 1967, Capp took possession and paid the rent through July, 1967. He had three air conditioners installed in the apartment on the window sills. Each air conditioner bore a plate warning that it required a separate twelve-ampere electrical line. During the first week, a fuse blew. Upon attempts to turn on more than one air conditioner at a time, fuses constantly blew. The wiring is the standard, 115-volt wiring usual in Boston and is adequate for the normal lighting, equipment, and appliances used in private residences.

Capp did not use the apartment solely as a residence, but had a receptionist and two or three cartoonists working there. A corporation, Capp Enterprises, Incorporated, received mail there. At the time of the master's hearing Capp was still in possession of the apartment. He had paid no rent for any period after July, 1967.

The master reached the following conclusions. (1) Capp had not been evicted, nor had he been constructively evicted. (2) He had not vacated the premises. (3) The apartment was habitable and suitable for the purposes for

which it had been rented, viz. either as a residence, or as a residence-studio. (4) There was no breach of the lease by Chamberlain. (5) Capp owed $650 for rent as of September, 1967. (6) Reasonable fees for Chamberlain's attorneys would be $600.

On January 16, 1968, a final decree dismissed the bill; determined that Capp owed Chamberlain $650 rent for August and September, 1967, and $975 for October, November, and December; awarded Chamberlain $600 for attorney's fees; and also awarded it costs and interest. Capp appealed.

1. The master's findings would not justify the conclusion that there was a constructive eviction. They do not show Chamberlain to have been responsible for any act or omission which deprived Capp of the beneficial enjoyment, reasonably contemplated under the lease, of the whole or any part of the leased premises. No facts were found from which an intention to cause such a deprivation could be inferred. See *Charles E. Burt, Inc.* v. *Seven Grand Corp.* 340 Mass. 124, 127, and authorities. Cf. *Westland Housing Corp.* v. *Scott,* 312 Mass. 375, 381–383, where on different facts, an inference of such an intention was permissible.

Although the master found that Chamberlain knew Capp planned to use the apartment as a studio, he made no finding that Chamberlain knew or should have known of, or that he consented to, Capp's plans to install air conditioners for which special wiring was necessary. Before Capp signed the lease, his agent Curtis had ample opportunity to inspect the wiring and fuse boxes. The apartment wiring was standard and carried adequate current for normal use. The lease prohibited placing anything on the window sills, and also any alterations or additions to the premises without Chamberlain's written consent. There was no extended failure to furnish any heat or light reasonably to be expected. Cf. *Charles E. Burt, Inc.* v. *Seven Grand Corp.* 340 Mass. 124, 126–128. The master's report also furnishes no basis for concluding that air conditioning goes to the essence of the usefulness of these premises under this lease. Cf. *Charlotte*

*Theatres, Inc.* v. *Gateway Co. Inc.* 191 F. Supp. 834, 843 (D. Mass.), judgments vacated 297 F. 2d 483, 484–486 (1st Cir.), dealing with a situation where air conditioning was required by a lease to be installed in a motion picture theatre prior to the arrival of warm weather. The master's findings require the conclusion that Chamberlain furnished all normal services called for by the lease, even giving due weight to the finding that Chamberlain knew Capp would use the apartment as a studio.

2. The lease (clause 22) provides, in part, that the "Lessor . . . may for any breach . . . terminate this lease . . . . The Lessee covenants that *in case of any such termination* . . . the Lessee will . . . furthermore indemnify the Lessor . . . against all loss and damage suffered *by reason of such termination* however caused, first deducting any damages paid as above provided *including therein . . . attorney's fees, incurred by the Lessor in collecting any rent or damages hereunder or in obtaining possession of the leased premises by summary process or otherwise*" (emphasis supplied).

Recovery of counsel fees, under the explicit language of this provision, is not possible until there has been termination of the lease by the lessor. The master's report shows no termination of the lease up to the date of the report.

There is no basis for the application of clause 22. Apart from that provision of the lease, counsel fees, beyond those allowable as statutory taxable costs, cannot be awarded. See *Donaldson* v. *Boston Herald-Traveler Corp.* 347 Mass. 274, 280–281, and cases cited. See also G. L. (Ter. Ed.) c. 261, §§ 13, 23; *Commissioner of Ins.* v. *Massachusetts Acc. Co.* 318 Mass. 238, 241–246.

3. The case is remanded to the Superior Court for further proceedings consistent with this opinion. The findings (except as to counsel fees) heretofore made are to stand. Chamberlain is to be given leave to move in the Superior Court to amend its answer and counterclaim with respect to matters occurring since the entry of the final decree from which this appeal is taken, so as to bring down to the date of

a new final decree any damages (for nonpayment of rent or for breach of the lease or otherwise), interest, and costs, even if arising after the former decree. See *Richards* v. *Richards*, 270 Mass. 113, 123; *Rooney* v. *Weeks*, 290 Mass. 18, 29; *Wilson* v. *Jennings*, 344 Mass. 608, 622. See also *Carilli* v. *Hersey*, 303 Mass. 82, 84; *Tucker* v. *Connors*, 342 Mass. 376, 384. If such a motion is granted, the final decree is reversed and the case is to stand for further hearing on issues raised by the amended pleadings. Otherwise, the final decree, modified by striking out par. 2 (allowing Chamberlain $600 for attorney's fees) and par. 4 (dismissing this bill for declaratory relief), is to be affirmed. Chamberlain is to have costs of appeal.

*So ordered.*