Welsh, P. J.
This is a civil action brought by the plaintiff as tenant against the defendant landlord for damages occasioned by water damage from pipes that had ruptured during a cold period. The tenant claims that the landlord failed to furnish adequate heat, causing the pipes to freeze and burst resulting in damages to the defendant’s property and the loss of its Federal Government Inspection Certificate. The tenant also sought treble damages for alleged unfair or deceptive acts or practices under General Laws Chapter 93A.
The defendant by way of answer admitted the corporate existence of the plaintiff but denied the other allegations of the complaint, asserting that it was without knowledge of the obligations referred to in the complaint.
The plaintiff moved for summary judgment pursuant to Rule 56, Mass. R. Civ. P. The supporting affidavit asserts that the plaintiff was the lawful tenant in a building owned and operated by the defendant and that on or about February 7, 1978, due to a lack of adequate heat in the building the water pipes froze causing flooding to occur in the building resulting in actual damages in the approximate amount of Fifteen thousand eight hundred sixty-nine and 89/100 ($15,869.89) Dollars.[1] The affidavit also avers that the plaintiff’s Federal Government Inspection Certificate was revoked as a result and the further affidavit avers that *82 the record owner of the premises at the relevant time was the defendant.
The defendant filed an affidavit in opposition to the motion for summary judgment which stated that the plaintiff had been informed that no heat or water was to be supplied to the premises and that the lack of such facilities was reflected in a lower than usual rental. It was further averred that if any damages were caused, it was the result of the plaintiff turning on the water in direct violation of the terms of the letting.
Defendant’s answers to interrogatories propounded by the plaintiff indicated that the person who was responsible for the managment of the building on the date of the casualty was one John M. Cashman, who has since deceased and most of the interrogatories were answered with the response, “do not know.”
The court awarded summary judgment to the plaintiff. The court denied defendant’s motion for a rehearing and the defendant appealed, claiming to be aggrieved by the allowance of the motion for summary judgment.
We conclude there was error in the allowance of the motion for summary judgment.
1. The allowance of a motion for summary judgment is error when the party opposing the motion has alleged facts relating to the transaction which occasioned the suit which raise issues entitling him to a trial. Community National Bank v. Dawes, 369 Mass. 550, 556 (1976). In passing upon a motion for summary judgment, the duty of the trial judge is not to conduct a trial by affidavit or other supporting material, but to determine whether there is a substantial issue of fact. Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979). Although it may be conceded that the affidavits are not models of clarity[2] a fair reading would indicate triable issues of fact on such issues as whether the landlord expressly or impliedly agreed to furnish heat or water, whether the tenant caused or contributed to his own misfortune by turning on the water in violation of an alleged oral agreement not to do so, the amount of damages proximately caused by the breach of any proved covenant to supply heat and/or water, whether or not the conduct complained of amounted to a knowing or intentional violation of General Laws Chapter 93A, Id. at 726. Whether a given practice is unfair or deceptive within the meaning of General Laws Chapter 93 A must be determined from the circumstances of each case. In the instant case, resolution of this issue depends in part upon a factual determination of the defendant’s knowledge and intent. Swanson v. Bankers Life, 1982 Mass. App. Div. 143, 148.
2. We think that some confusion may have arisen in this case with respect to what constitutes a “genuine” issue of material fact. “Genuine” in this context means that the party opposing the motion cannot with safety simply deny the averments made by the moving party. To prevent allowance of the motion he must introduce sufficient contrary evidence to demonstrate the existence of an issue or issues of triable fact. We believe in this case the word “genuine” may have been equated with something like good faith or credible. Credibility is not an issue in passing upon a motion for summary judgment, unless the matter alleged is incredible as a matter of law. This is what is meant by the proposition that the trial judge is not to conduct a “trial by affidavit.” Now, if the judge hearing the motion comes to suspect that the matter set up in affidavits or supporting materials is merely a sham or intended merely for purposes of delay, redress may be had by recourse to Rule 56(g) which provides:
*83 (g) Affidavits made in bad faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees, and any offending party or attorney may be adjudged guilty of contempt.
The “ultimate sanction of dismissal” is not among the alternative courses of action provided for abuse of the summary judgment procedure. We infer that its omission was deliberate. Cf. Dist./Mun. Cts. R. Civ. P. and Edson & Son v. McConnell, Mass. App. Ct. Adv. Sh. (1980) 1025. Probably the reason for the difference in consequences is the recognition of a difference between lack of precision in pleadings and practice and a continued deliberate course of evasion of discovery despite warning by the court. Whatever be the reason, we believe it is impermissible to award summary judgment against a party solely because the affidavits contain material inconsistent with the theory of defense espoused in the answer or with answers to interrogatores. Upon remand the trial court may want to consider the appropriateness of sanctions under Rule 56(g) after notice to the parties.
The judgment based upon the order allowing the motion for summary judgment is reversed. The order is vacated and the case is returned for trial and such other proceedings consistent with portions of this opinion as the trial court deems appropriate.

So ordered.

 There was no statement of particulars as to how this figure as to actual damages was calculated and the record does not show any hearing for assessment of damages by the court. Even if a partial summary judgment interlocutory in character might have been properly awarded on the issue of liability only, an assessment of damages by the court was required.

Rule 56(e), Mass. R. Civ. P. requires that affidavits should set forth such facts as would be admissible in evidence. We note that the affidavits on both sides were conclusory in nature and were replete with opinion which would not have been admissible at trial.