Welsh, P.J.
This is a civil action for damages incurred as a result of alleged improper construction by the defendant of a paved driveway at the plaintiffs residence. One count sounded in contract or tort for damages; the other sought damages for alleged violations of General Laws Chapter 93A.
The answer denied any improper workmanship or any unfair or deceptive act or practice in violation of G.L. c. 93A.
After trial, the court found for the plaintiff and awarded damages under the count seeking relief under the contract/tort theory in the sum of $425.00. The court denied relief under G.L. c. 93A.
At the trial, there was evidence tending to show the following:
Plaintiff entered into a written contract with the defendant whereby the defendant undertook to enlarge the existing one car driveway so as to accommodate two cars and to refinish the old surface in such a manner as the new surface was to appear as a single two car driveway. The defendant, an asphalt paving contractor, warranted in writing that the materials used would be free of defects, that the work would conform to the highest professional standards, and that the completed driveway would be smooth and serviceable, free of defects impairing the utility of the driveway. The defendant agreed to repair any defects upon notice, the plaintiff agreed to pay $850.00 for the construction of the driveway. The sum of $425.00 was paid, as agreed, upon commencement of the work. The balance was to be paid upon completion. The work was completed on November 6,1980, at which time the balance of the contract price was paid to the defendant. The plaintiff complained of a number of defects in the completed driveway. It would serve no useful purpose to rehearse at length the litany of grievances by the plaintiff. Illustrative of those are the following:
The surface was coarse and granular rather than smooth, the grade was improper, the abutment with the public sidewalk and private walkway was not continuous, leaving a ridge; the water shutoff access was improperly covered. In short, the judge was clearly warranted in finding improper workmanship, but was not required as a matter of law to find that the defendant so utterly failed to perform his contract as to preclude him from recovery See Divito v. Uto, 253 Mass. 239 (1925).
*144 There was farther evidence that the defendant failed to send someone out to look at the driveway as he promised upon learning of the plaintiffs dissatisfaction and to return telephone calls initiated by the plaintiff. The defendant refused to allow delivery of a demand letter, directed to him by the plaintiff by certified mail, pursuant to G.L. c. 93A, § 9(3). No tender of settlement was made.
The plaintiff elicited expert testimony which tended to support his claim for improper workmanship. The court also received testimony as to the cost of repairs as being $2,600.00. There was testimony that some of the defects complained of may have been due to the application of the asphalt in cold weather. There was also evidence that the defendant failed to file a business certificate with the town clerk.
The plaintiff claims to be aggrieved by the court’s refusal to act on his requests for rulings, the amount of damages awarded and dismissal of the claim for relief under G.L. c. 93A.
We determine that there was no prejudicial error.
1. The plaintiff filed 65 numbered requests for rulings, many of which contained subdivisions, bringing the actual total number of requests presented to about 133. We hold that such a number is patently excessive, unnecessary, and a wholly unjustified imposition upon the trialjudge, when viewed in the light of the relatively simple issues, factual and legal, raised by this case. Also, as the trial judge observed, most of the requests were in reality requests for findings of fact, and need not have been given. A trialjudge is not required to tolerate a deluge of requests for rulings far exceeding a reasonable number to fairly present the issues on appeal. Hogan v. Coleman, 326 Mass. 770, 773 (1951). In such cases, the court may either order them stricken from the files or require the party presenting them to reduce them to a reasonable number at the risk of loss of any rights under them. Stella v. Curtis, 348 Mass. 458, 460, 461 (1965); Commonwealth v. Greenberg, 339 Mass. 557, 584, 585 (1959). A plethora of such requests is hardly a substitute for simply stated but artfully drawn requests directed to the pivotal issues raised by the pleadings, conceived to enlighten rather than obfuscate the mind of the trialjudge in the execution of his duty of applying the law correctly to the facts. As was so aptly stated in the Hogan case: “They (i.e. requests for rulings) were not intended as a device to confound or ensnare the trial judge. Counsel ought not to be permitted to overwhelm the judge with an avalance of requests so that in working his way out of the debris he will be lured into committing reversible error.” Hogan v. Coleman, supra, at 773.
2. The plaintiff complains that the damages awarded were inadequate. This grievance ought to have been presented initially to the trialjudge in the form of a motion for a new trial. Pridgen v. Boston Housing Authority, 364 Mass. 696, 715 (1974); Bartley v. Phillips, 317 Mass. 35, 41-44 (1944). In cases of this sort, damages are almost invariably a question of pure fact which is not reviewable in an action at law in either the Appellate Division or the Supreme Judicial Court. Palma v. Racz, 302 Mass. 249, 250 (1939). The report fails to establish an abuse of discretion. Bartley v. Phillips, supra, at 41, 42.
3. The trialjudge was not required as a matter of law to grant relief under G.L. c. 93A § 9. Not every tortious act or breach of promise by a businessman in dealing with a consumer is automatically actionable under G.L. c. 93A. Haas v. Breton, 377 Mass. 591, 600, fh. 8; Mechanics National Bank of Worcester v. Killeen, 377 Mass. 100, 109-110 (1979)[2]. An actionable unfair or deceptive act or practice *145 goes beyond that which was traditionally remediable in an action for breach of warranty or deceit. It is sui generis and not subject to the limitations inherent in the common law forms of action. Slaney v. Westwood Auto Inc., 366 Mass. 688, 704 (1975). While failure to honor a warranty may afford a basis for relief under General Laws chapter 93A (Id, at 702), it does not follow that a finding of a breach of warranty in itself requires the granting of relief under chapter 93A. Relief under chapter 93A is in addition to, and not an alternative to, traditional tort and contract remedies. York v. Sullivan, 369 Mass. 157, 164 (1975). Therefore, it is error for a trial judge to refuse relief under 93 A simply because relief is available under some other remedy. Linthicum v. Archambault, 379 Mass. 381, 383 (1979). Relief under 93A may nonetheless be properly refused if the plaintiff has not established his entitlement to it. Id. at 384. The record does not show that the trial judge either refused to consider the 93A claim because of some supposed impediment to recovery by reason of a finding on the warranty count or because of some notion that recovery would be duplicative, rendering a windfall to the plaintiff. The court simply found that the services provided by the defendant to the plaintiff were not of reasonable professional quality and that the plaintiff was thereby damaged in the sum of $425.00. There was no finding of scienter, such as would trigger the multiple damage provision of G.L. c. 93A. The trial judge, ás a finder of fact, is not bound to believe the uncontradicted testimony of the plaintiffs witnesses. See Lenn v. Riche, 331 Mass. 104, 111 (1954).
There being no prejudicial error, the report is dismissed.

So ordered.

 ".. .just as every lawful act is not thereby automatically free from scrutiny as to its unfairness under Chapter 93 A (See Schuback v. Household Fin. Corp., 375 Mass. 133, 137-138), so not every unlawful act is automatically an unfair (or deceptive) one under General Laws chapter 93A..