Forte J.
This action was commenced in the Third Eastern Middlesex Division of the District Court Department containing five counts alleging (1) violation of G.L.C.93A, (2) violation of G.L.c. 93(B), (3) negligence, (4) breach of express warranty, and (5) breach of implied warranty.
At the trial, there was evidence tending to prove the following:
The plaintiff was interested in purchasing a motor vehicle and informed a friend and former co-worker who was then a car salesman for the defendant. After test driving the vehicle on two occasions, she and the friend-salesman noted certain deficiencies, but on the salesman’s assurances the deficiencies would be corrected, the plaintiff decided to purchase the used car. After delivery, the plaintiff returned the car at least two times to the defendant for repairs of the earlier noted deficiencies. Not satisfied, and prior to the warranty expiring, the plaintiff brought the vehicle to other repair shops.
In addition, there was evidence that the defendant not only made all repairs at no expense to the plaintiff, but that the plaintiff expressed satisfaction with the defendant’s repair work and accepted the car after test driving it with the defendant’s service manager.
No G.L.c.93A claim letter was introduced into evidence.
At the close of the evidence, the plaintiff submitted the following seven requests for rulings:
1). That the defendant knowingly and wilfully, or with reason to know, did violate Massachusetts General Laws, Chapter 93A, Section 2(a), which reads in part:
Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
2). That the defendant knowingly and willfully, or with reason to know, did violate Massachusetts Attorney General Regulations, 940 CMR, 6.05(1), which reads in part:
It is an unfair or deceptive act or practice for a repair shop to or authorize to be made in any manner or by any means a statement which it knows to be or, in the exercise of reasonable care, should know to be untrue or misleading including, without limitation, the following types of statements:
(c) That repairs have been performed on a vehicle when *6 such is not the fact.
3). That the defendant knowingly and wilfully, or with reason to know, did violate the Massachusetts Attorney General Regulations, 940 CMR, 5.05(8), which reads:
It is an unfair or deceptive act or practice for a repair shop to fail to remedy promptly, at no charge to the customer, any repairs performed by it on the customer’s vehicle which were not performed in a good and workman-like manner in accordance with accepted trade standards.
4). That the defendant knowingly and wilfully, or with reason to know, did violate its warranty contained in the purchase contract by failing to adequately and completely repair the vehicle.
5.) That, due to these violations, the plaintiff suffered damages in the amount of $1,732.37, and that judgment be entered in treble that ámount pursuant to Massachusetts General Laws, Chapter 93A, Section 9(3).
6). That the plaintiff be awarded reasonable attorney’s fees pursuant to Massachusetts General Laws, Chapter 93A, Section 9(4).
7). That the plaintiff be awarded the costs of this action.
Each request was denied and a finding entered for the defendant on all counts.
The trial judge made the following findings of fact:
1). The plaintiff bought a used 1976 Ford Mustang from the defendant on October 5, 1981 for the sum of $2,900.00 for her personal use. The parties entered into a written sales contract. The car was delivered to the plaintiff on October 9, 1981.
2). The defendant’s salesman who sold the car to the plaintiff was an acquaintance who had formerly worked with her. The salesman on two occasions prior to October 5, 1981 showed her the vehicle and tested it with her by driving it. While she was with him for the next test drive, there were problems with the car stalling, the radio missing, a broken signal handle, and noises under the driver’s seat and right rear of the car. The plaintiff was told by the salesman “whatever is wrong will be fixed’. The plaintiff took delivery with the car in the same conditon as when she tested it.
3). The plaintiff claims she took the car back to the defendant for repairs of a shimmy, the noises from the rear and under the seat, for stalling, and the heater not working on at least four occasions. She then refused to return it for service as of October 30,-1981 within the warranty period, and brought the vehicle to others for repairs.
4). On the basis of the testimony of the service manager and the records of the work performed on the vehicle, I find the defendant properly prepared the car on October 5, 1981 for delivery and that thereafter on October 15, 1981 and on October 16, 1981 it serviced the vehicle under the warranty at no charge. I find the repair work done on the car was done in a good and workmanlike manner, and there was no breach of warranty, either express or implied, by the defendant to the plaintiff; the plaintiff accepted delivery by the defendant’s service manager after he personally had tested it with her. The repairs said to be performed on the vehicle were in fact performed. I further find the defendant did not engage in an unfair method of competition and unfair and deceptive acts in its dealings *7 with the plaintiff.
The plaintiff being aggrieved by the denial of requests #1 through #7, the issues were reported to this division.
There was no error.
Each request (Requests 1 through 5) is a request for a finding of fact, and not a ruling of law. A request for a finding of a fact under the heading of a request for ruling of law will not transform the request for a finding of fact into a request for a ruling of law. Gibbons v. Denoncourt, 297 Mass. 448, 457 (1937). A judge is not required to rule on requests for findings of fact and if a request is a hybrid, asking for a finding on a disputed fact as well as a ruling of law, it is properly denied. Liberatore v. Framingham, 315 Mass. 538 (1944).
The court in its findings, all of which were supported by the evidence, specifically found “all repairs were done in a good workmanlike manner”. “There was no breach of warranty, either express or implied”, “repairs said to be performed were in fact performed”,“. . . the defendant did not engage in an unfair method of competition and unfair and deceptive acts in its dealing with the plaintiff”. Findings of fact of a trial judge will not be disturbed by the Appellate Division when such findings are supportable on any reasonable view of the evidence with all rational inferences of which it is susceptible. Edwards, Inc. v. Fields, 57 Mass. App. Dec. 22, 25 (1975); Gidwani v. Wasserman, 373 Mass. 162 (1977).
Requests #6 and #7 were rightly denied in view of the judge’s finding that there was no violation of G. L. c. 93A and the ultimate finding for the defendant.
There were no other issues reported.
The report is dismissed.