Black, P.J.
This appeal arises out of the court's dismissal of defendant's draft report as untimely pursuant to Dist./Mun. Cts., R. Civ. P., Rule 64(C) (1) (i) which states that such reports must be filed within ten days after entry of judgment. The trial court may extend ten additional days upon a showing of excusable neglect. The question arises in this case as to when the trial court in fact entered judgment.
A portion of the docket entries are significant to an understanding of the issues presented:
Feb. 10,1989, Judgment for Plffs against Deft, on Counts I and II.
Mar. 1,1989, Deft, files motion to amend order of judgment.
Mar. 15,1989, Deft.'s motion to amend order of judgment allowed.
Judgment on Counts I and II, Whitman J. in open court.
Apr. 7,1989, Deft, files Draft Report. Notices sent.
Mar. 15,1989, (Nunc Pro Tunc) Judgment for Plffs. on Counts I & II.
Damages $49,167.00
Costs 13.067.00
$62,234.65
Parties were notified in open court on 3/15/89.
Apr. 25,1989, Order on Draft Report: The Draft Report not having been filed within the time prescribed is denied. Whitman, J.
Notices sent.
This case involved the planitiffs1 clam for the return of their $14,900 deposit for the purchase of a residential condominium. Judgment was rendered for the plaintiffs. The defendant then filed post-judgment motions to amend the Order' of Judgment and for a new trial, thereby deferring the time for appeal pursuant to Rúle 59, Dist/Mun. Cts. R. Civ. P. The Motion to Amend was allowed and judgment rendered in open court on March 15th. No separate entiy of judgment was made at *204 that time.
The court ruled that the defendant's draft report of April 7,1989 was untimely because it was filed three days beyond the maximum twenty days allowed by Rule 64. This decision is based on the court's assertion that March 15th is the date of judgment entry. The docket indicates that the court orally rendered judgment on that date. Subsequent to April 7th the court instructed the clerk to enter judgment nunc pro tunc, back to the March Í5th judgment. This entry would in effect make the defendant's draft report filing untimely.
In the usual case an entry of judgment is made by the clerk when a separate document is prepared by the court setting forth final disposition. A separate docket entry is made by the clerk so that it will flag the parties that the time for appeal has started. Dist./Mun. Cts. R. Civ. P., Rule 58(a). The purpose of the “separate document” and docket entry requirements is to clarify the time from which post-judgment action shall be commenced. Lewis v. Emerson, 395 Mass. 517, 462 N.E.2d 295 (1984).
The Lewis case set forth the minimum requirement for the entry of judgment. There is no longer a “separate document” mandate, although it is the favored practice. Id at 298. Where “a judgment is visually distinct from other parts-of the document in which it is contained, such that no confusion can exist concerning its import, and the judgment is noted on the court's docket, the requirements of rule 58(a) will be considered met” even though a separate judgment document is not prepared. Id.
A docket entry of judgment without a separate order is adequate for Rule 58 (a) purposes where the entry states “Entry of Judgment and Findings” and where the defendant relies on such entry to initiate appellate proceedings. Brown v. Quinn, 27 Mass. App. Ct. 288 (1989). The March 15th entry in the case before us is not final on its face in so far as “confusion.. .existjed] concerning its import....” Lewis at 520. Defendant Cordell was justified in believing that the “judgment” on March 15th was only an initial finding of damages and not a final entry.
In the case before us there is no documentation or entry of the March 15th judgment from which a “final judgment” can be found. The court sought to make the March 15th judgment final by entering a later judgment for damages and referring it back to March 15th by use of a nunc pro tunc judgment.
“The function of a nunc pro tunc order in general is to put upon the record and to render efficacious some finding, direction or adjudication of the court made actually or inferentially at an earlier time, which by accident, mistake or oversight was not made a matter of record, or to validate some proceeding actually taken but by oversight or mistake not authorized, or to prevent a failure of justice resulting, directly or indirectly, from delay in court proceedings subsequent to a time when a judgment, order or decree ought to and would have been entered, save that the cause was pending under advisement.” Perkins v. Perkins, 225 Mass. 392, 396.
Judgment was not entered in the present case, not-as a mistake, accident or oversight, but rather purposefully. The court had not yet finalized its measure of damages and therefore final judgment was not entered. Nunc pro tunc entries are intended to eliminate prejudice to a party caused by the court's delay. This would include situations such as the death of the defendant or the repeal of a statute on which liability is founded after the verdict but prior to entry of judgment. Almeida Bus Lines, Inc. v. Department of Public Utilities, 203 N.E.2d 556 (Mass. 1965). There is no demonstrated prejudice to the plaintiff by the court's delay in this case. The defendant, however, is greatly harmed by the allowance of a nunc pro tunc entry. He loses his right to an appeal without having been afforded a prior docket entry of judgment from which to measure the time in which his draft report must be filed.
Defendant slates that his reliance on clerk personnel led him to believe that *205 judgment was to be entered just prior to his April 7th filing. However, the burden rests on the defendant to check the docket. The failure of the clerk to furnish notice, therefore, is of no consequence in determining the aggrieved party's rights and obligations. Brown, at 290. Of consequence is the absence of a document identifying itself as the judgment “containing a distinct and definite order purporting to dispose of all claims which must be prepared and filed in [the] case.” The docket entry recording thatfiling should flag it as the judgment. Chittendon Trust Co. v. Levitt, 26 Mass. App. Ct. 208, 525 N.E.2d 682 (1988).
The court, by entering judgment nunc pro tunc, in effect acknowledged that the March 15th amended judgment was not a final finding of damages. The docket itself bears that fact out. The defendant could not measure his ten days from an incomplete judgment and the subsequent nunc pro tunc entry does not make the original judgment “complete” in the absence of some necessity for its use (i.e. risk of prejudice to the opposing party) • Almeida, supra.
Accordingly, the case is to be remanded to the trial court with defendant's draft report of April 7,1989 to be rendered as timely filed.