Welsh, J.
This is a civil action for the amount of a deposit claimed by the plaintiff on account of a purchase and sale agreementfor ahorne in North Easton, Massachusetts. The deposit of $11,250 is held in escrow by one of the defendants, an attorney who represented the buyers in connection with the purchase and sale agreement.
The defendants were defaulted and a default judgment entered for the plaintiffs on September 20,1989.
On December 6,1989, the defendant buyers filed a motion to remove default and for leave to file an answer, counterclaim and third-party complaint late. The motion judge declined to vacate the default judgment and to allow a late answer and counterclaim, and dismissed the third-party complaint on December 13, 1989. On February 21, 1990, a motion for reconsideration was denied by a different judge. On April 20, 1990, yet another judge allowed a motion to stay execution on the condition that the escrow money held by the attorney be paid into court, plus sheriff’s fees. A fourth judge entered an ordervacating the stay of execution on May 2,1990. On May 15, 1990, a motion for relief from judgment was filed. This motion was denied on May 23, 1990 by a fifth judge. Notice of the denial was mailed on June 29, 1990.
A draft report was filed on July 9, 1990, to obtain appellate review of the denial of the motion for relief from judgment. This report was finally established as a result of a petition to do so on July 16, 1991.
We are constrained to conclude that, notwithstanding the protracted and somewhat convoluted procedural history of the case, the order denying the motion for relief from judgment must be vacated and the cause remanded for a determination on its merits.
1. The denial by the motion judge of the motion for relief from judgment is properly the subject of a report to the Appellate Division. DeCandia v. Barry, 1989 Mass. App. Div. 92, 93. A motion brought under Rule 60(b) for relief from judgment is one addressed to the discretion of the judge and will not be reversed on appeal except for an abuse of discretion. Parrell v. Keenan, 389 Mass. 809, 815 (1983). The existence of circumstances which might justify the allowance of a motion for relief from judgment does not compel the conclusion that the denial of relief in such circumstances is an abuse of discretion. Birdv. Ross, 393 Mass. 789, 791 (1985).
2. The report as established indicates that the defendants filed uncontroverted affidavits indicating that upon inquiry to the clerk’s office the information was given that no judgment had been entered against them. Acopy of the docket annexed to the report indicates that as of December 13, 1989, no judgment was entered. A later *6 version of the docket, issued on or about March 28, 1990, shows the notation that a judgment was entered October 2, 1989. In the circumstances of this case, the plaintiff s failure to controvert the allegations in the defendants’ affidavits concerning lack of notice compels the conclusion that the defendants were entitled to relief from the default judgment. Farley v. Sprague, 374 Mass. 419, 425 (1978). Before the clerk physically makes the docket entry indicating that judgment has entered it remains merely inchoate. None of the deadline periods keyed to entry of judgment begin to run. Spencer v. Worcester, 1984 Mass. App. Div. 116, 117. Although the notation in the later docket version indicates that judgment was entered on October 2, 1989, the earlier version showed no such entry. The conclusion is that the judgment was entered nuncpro tunc. While recognizing the power of a court to correct clerical errors in its docket, that power cannot be exercised in such a way as to deprive a litigant of the right to seek review by way of appeal or other post adjudication remedies. See Lechiara v. Amato, 1979 Mass. App. Div. 219; Cheng v. Cordell, 1989 Mass. App. Div. 203.
The default judgment is vacated and the cause remanded for further proceedings in accordance with this opinion.