Flatley, J.
This is an action for recovery of moneys due under a commercial lease in which the plaintiff-landlord, Dowse, Inc. (“Dowse” or the “landlord”) sought to recover six months rent, taxes, costs and attorney’s fees. The lease was the latest in a series of leases between the parties for space at 12 Arrow Street, Harvard Square, Cambridge, Massachusetts where the defendant-tenant, Charles Brockunier (“Brockunier” or the “tenant”) operated a rug importing and retail business. The lease term was for three (3) years ending June 30, 1989.
In his answer, Brockunier admitted occupying the premises from 1986 through January, 1988. The landlord relet the premises in July, 1988.
In his answer, the tenant raised as an affirmative defense the failure of the landlord to mitigate its damages sooner by reletting the premises after the tenant vacated. *45 Brockunier also filed a three count counterclaim. Count 1 alleged that the landlord breached the lease by failing to provide adequate lighting, heat and air conditioning. Count 2, sounding in negligence, alleged that the landlord was responsible for the theft from, or loss by, the tenant of items of personal property. Count 3 sought recovery under G.L.c. 93A on the grounds that the landlord had orally promised to allow the tenant to terminate his lease upon two months’ written notice, and that the landlord’s failure to honor such notice was an unfair and deceptive act.
After trial, the courtfound for the plaintiff-landlord in the amount of $10,008.00 and awarded attorney’s fees as provided for in the lease. On the counterclaim, the judge found for the tenantfor failure to provide heat, and awarded the tenant $1,000.00. On the counterclaims for negligence and G.L.c. 93Aviolations, the courtfound for the landlord.
Brockunier now claims to be aggrieved by the trial court’s action on his requests for findings and rulings.
1. We note at the outset that the trial court could have properly denied each of Brockunier’s “requests” A through E which fail to resemble in form or substance the succinct statement of applicable law envisioned by Dist./Mun. Cts. R. Civ. P., Rule 64(b). See generally, Hogan v. Coleman, 326 Mass. 770, 773 (1951); Budway v. Vadala, 1983 Mass. App. Div. 143, 144. Byway of explanation, Brockunier submitted a sixpage document entitled “Requests for Findings of Fact and Rulings of Law” which was divided into five subdivisions A through E pertaining to various claims and defenses by Brockunier. Each section A - E contains the following three subsections: (1) an initial bold-faced, underlined, capitalized statement of both fact and law, followed by (2) lengthy, numbered paragraphs setting forth “findings of fact” in support of the initial statement, which are finally followed by (3) one or more paragraphs entitled “rulings of law” which combine multiple legal propositions, some of which are supported by citations, and various factual conclusions. It is obvious that each of these lengthy compilations of factual and legal arguments lettered A through E fails to satisfy the fundamental purpose of a Rule 64 (b) request for ruling of law which is to separate questions of fact from questions of law, DiGesse v. Columbia Pontiac Co., 369 Mass. 99 (1975); Brodeur v. Seymour, 315 Mass. 527, 530 (1944), by positing concise statements of governing lawfor the trial court’s guidance and adoption. Stella v. Curtis, 348 Mass. 456, 461 (1965). The trial court was not required to cull questions of fact from Brockunier’s undifferentiated presentation in order to isolate or extract precise propositions of law, butwas entitled to deal with “requests” Athrough E as presented. Butler v. Cromartie, 339 Mass. 4,5-6 (1959); Liberatore v. Framingham, 315 Mass. 538, 543 (1944).
In an earnestendeavorto resolve issues raised byBrockunierdespite theconfusing format of requests A-E, the trial judge treated the capitalized material at the beginning of each of the five sections as requests for rulings and acted upon each. We have concluded that such material is more in the nature of a caption or introduction to the statements of fact and law which follow, and that the concluding paragraphs of each section were intended by Brockunier as requests for rulings. In any event, the trial judge made findings of fact on each section A through E which permits this Division to determine whether any error of law attended the trial court’s resolution of the parties’ controversy.
2. As an example of the confusing format of the tenant’s “requests,” and the trial court’s treatment of the same, section A states the following:
A. CONSTRUCTIVE EVTCTTON
THE DEFENDANT. CHARLES BROCKUNIER. AS THE REST ITT OF THE CONDUCT OE THE PTATNTTFF. DOWSE. TNC. WAS CONSTRUCTIVELY EVICTED FROM THE ‘PREMISES.’ 12 AR *46 ROW STREET. CAMBRIDGE. MASSACHUSETTS. AND AS A RE-STILT. TFm TERMINATION BYTHE DEFENDANT WAS JT JSTIFIED AMT) THE PTATNTTFF MAY NOT COLLECT MONEY DAMAGES. COSTS. INTEREST AND ATTORNEY FRES.
This statement is followed by thirteen (13) separate “findings of fact,” based on fragments of evidence adduced in the tenant’s favor, which are too lengthy for inclusion in their entirety. The concluding subsection of A states:
RULINGS OF LAW
A tenant may vacate the premises when renovations by third parties under the landlord’s control substantially impaired the value of the lease. These renovations by the landlord were of a permanent character which deprived the tenant of the enjoyment and value of the premises, (citation). As a result of the conduct of the plaintiff, the defendant was constructively evicted and vacated the premises. Thereby, the lease is terminated and the obligation to pay rent [sic] and allowing the tenant to sue the landlord for damages (citation).
The trial court made the following disposition:
A Denied. On all the evidence, I do notfind that there was a constructive eviction caused by the conduct of the plaintiff/landlord.
More particularly, I find that the defendant terminated the lease by vacating his quarters before the expiration of the term and thereby breached his obligations under the lease. I find that he moved out of the leased premises in order to relocate his retail store from a side street in Harvard Square to the main street, Massachusetts Avenue, a more advantageous location in terms of foot traffic and visibility of his products and operation.
The building which he had occupied was basically designed for business and professional offices and not for retail trade, both before and after the renovation. I do notfind that the renovation substantially detracted from the use of defendanf s space for a retail store. On all the evidence, I do find that the plaintiff/landlord did breach his obligation to provide adequate heat at times, especially after 6:00 P.M. and on weekends. The finding of the damages on the counterclaim takes into account that circumstance. The defendant never complained in writing of any of the problems he now claims.
The concluding paragraph of tenant’s request A contains one or more correct propositions of abstract law which might have been applicable to some set of facts which the judge might have found. See Washington v. R. F. Owens Co., 252 Mass. 47, 53 (1925). However, the paragraph in its entirety posits mixed questions of fact and law upon which the trial judge was not required to rule. See, e.g., Bliss v. Elbery Motor Corp., 1984 Mass. App. Div. 5, 7, citing Liberatore v. Framingham, 315 Mass. 538 (1944).
Further, a trial court’s findings of fact, when warranted by evidence admitted at trial, may render inapplicable a request which sets forth correct principles of law. Deutsch v. Ormsby, 354 Mass. 485, 497 (1968), quoting Cassiani v. Bellino, 338 Mass. 765, 766 (1959). The trial court properly found herein that the landlord’s failure to provide heat at certain times diminished the value of the tenant’s leased commercial premises, but was not so egregious as to constitute a constructive eviction by the landlord. Compare Blacker v. Olanoff, 371 Mass. 714, 715-716 (1977); Capp v. *47 Chamberlain Real Estate, Inc., 355 Mass. 58, 60 (1968). As such finding, warranted by reported evidence, properly rendered request A immaterial, there was no error in the denial of the tenant’s request Pemberton Square Operating Co. v. Lydon, 292 Mass. 63, 66 (1935).
3. The trial court allowed Brockunier’s “Request B” which set forth arguments and proposed findings and rulings on the landlord’s breach of contract in failing to provide heat at all times. There is obviously no appeal by the requesting party from a trial court’s allowance of a request for ruling or finding in favor of that party. Korb v. Albany Carpet Cleaning Co., 301 Mass. 371, 318 (1938); Woodman v. Haynes, 289 Mass. 114, 118 (1935) Brockunier endeavors, however, to utilize request B as a springboard to appellate review of an issue he neither raised, nor preserved, in the trial court. The tenant argues that the court’s failure to find that the landlord committed unfair and deceptive acts in violation of G.L.c. 93A, §11 was error given the court’s allowance of request A as to the landlord’s breach of contract.
No issue relative to Brockunier’s G.L.c. 93Acounterclaim is open on this appeal. To the extent that Brockunier’s charge of error is based on an allegation of an inconsistency in the court’s rulings, he must be deemed to have waived such issue by failing to file a motion to correct the claimed inconsistency ora motion for a new trial.[1] Viero v. Balsamo, 328 Mass. 37, 39 (1951). Further, Brockunier neglected to submit a Rule 64 (b) request for ruling on either the application of consumer protection law in this case, or on the sufficiency of the evidence to warrant or require a finding in his favor on Count 3 of his counterclaim. In the absence of such request for ruling, no issue of law was raised or preserved relative to the court’s finding for the landlord on Brockunier’s G.L.c. 93Aclaim. See, generally, Biggs v. Dinsmore, 323 Mass. 106, 108 (1948); Arrow Paper Corp. v. Boylston Foods, Inc., 1 Mass. App. Ct. 800 (1973).
4. Similarly, “Request C” sets forth correct propositions of general law relative to a landlord’s breach of the covenant of quiet enjoyment. An allegation of breach of contract ora contract covenant customarily presents a question of fact for a trial court. Bedford Heating & Air Conditioning Co. v. Milano, 6 Mass. App. Ct. 898 (1978). In detailed findings made in response to request C, the trial court specifically determined that there was no breach of the covenant of quiet enjoyment herein. Again, such finding justified the court’s denial of request C which set forth correct, but immaterial,law.
5. There was no error in the court’s denial of “Request D,” a hybrid request, which improperly mixes questions of fact and law on the issue of mitigation of damages.
The initial proposition advanced by Brockunier in request D is unsound. Where there has been no termination of a commercial lease, the landlord is not necessarily obligated to endeavorto reletthe premises to mitigate damages. Fifty Associates v. Berger Dry Goods Co., 275 Mass. 509, 514 (1931); Cantor v. Van Noorden Co., 4 Mass. App. Ct. 819 (1976). Even if such obligation were to be imposed, the plaintiff-landlord would have been required herein only to take reasonable action to mitigate damages, Delano v. Growers Co-Op Winery & Supreme Wine Co., 393 Mass. 666, 684 (1985), and a determination of the reasonableness of the landlord’s action would have presented a question of fact for the trial court. Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982); Makino, USA Inc. v. Metlife Capitol Credit Corp., 25 Mass. App. Ct 302, 319 (1988).
*48 Brockunier nevertheless simply asserts on this appeal that the only rational view of the evidence required afinding as a matter of law that the landlord failed to exercise reasonable efforts to find a new tenant. Any inquiry into the sufficiency of the evidence on this, or any other issue raised in Brockunier’s requests A through E, is foreclosed by his failure to submit a request for ruling that the evidence required a finding in his favor. Massachusetts General Hospital v. Quincy, 348 Mass. 791 (1968); Bandera v. Donohue, 326 Mass. 563, 564 (1950).
The second legal proposition advanced by Brockunier in Request D is that the reletting by the landlord mitigated the damages owed by him, and that he must be credited with the amount of rent received by the landlord from the new tenant. This portion of requestD maybe deemed, as apractical matter, to havebeen allowed. The landlord’s claim for damages was in fact limited to the six month period from the time Brockunier vacated the premises to the time of reletting (i.e., January through June, 1988) and not for damages for the entire remainder of Brockunier’s lease term (i.e., to June, 1989). In its finding for the plaintiff in the amount of the six months rent sought, the trial court implicitly acknowledged both the mitigation accomplished by the landlord, and the proportionate reduction of Brockunier’s liability for all rent under the lease.
6. Brockunier’s final request E sought a ruling that Clause 26 of the parties’ lease, which permitted the landlord to require the tenant to vacate if necessary to make the premises conform to governmental requirements, negated the exclusive right of possession essential to the validity of the lease, resulting in a tenancy at will. It may be noted that the clause in question also required the landlord to provide alternative, appropriate space in the event a governmental regulation required a move. In any event, it is unnecessary to consider the legal validity of such proposition, as request E is irrelevant to the facts of this case. The clause in question was never exercised. The clause did not deprive the tenant of exclusive possession and did not void the lease. A valid request for ruling must not only set forth a correct proposition of law, Snyders .Rosen, 342 Mass. 116,118 (1961), but must also pertain to the facts and issues giving rise to the parties’ controversy. See, e.g., Perry v. Hanover, 314 Mass. 167, 176 (1943).
As the trial judge’s findings of fact were warranted by the reported evidence, such findings properly disposed of the tenant’s requests for rulings and findings. There being no error, the report is dismissed.

 We perceive no such inconsistency. It is elementary that every breach of contract does not automatically and necessarily constitute an unfair and deceptive act violative of G.L.C. 93A. Mechanics Nat'l Bank of Worcester v. Killeen, 377 Mass. 100, 109-110 (1979). Whether in the circumstances of this case, the landlord’s failure to provide consistent levels of heat nights and weekends under a commercial lease constituted a G.L.c. 93A violation was a question of fact for the trial court’s resolution. See, e.g., Noyes v. Quincy Mut. Fire Ins., 7 Mass. App. Ct 723, 726 (1979); New Boston Packaging Corp. v. Scituate Harbor Inst. of Technology, 1983 Mass. App. Div. 81, 82.