Anthony P. Sullivan, J.
This is an action of contract in which the plaintiff, Beacon Hill Mortgage Corporation seeks to recover from the defendants, Lillian Rosenthal,[3] Alfred Rosenthal, and Gloria Rosenthal the principal amount of money owed on account of money lent from the plaintiff to the defendant and which was represented by a promissory note. The defendant in her answer denied, inter alia, that the promissory note was in default and denied thatpayments had not been made as agreed upon by the parties. Prior to entry of judgment, the plaintiff moved against the defendant Lillian Rosenthal for the entry of partial summary judgment in its favor (the two other defendants having been defaulted previously). Based upon the record, the trial judge ruled that there was no genuine issue of material fact as to the liability of the defendant, and that summary judgment as to liability should enter as a matter of law. After assessment of damages, the plaintiff requested entry of judgment as to all defendants pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(b) (1) (Default) and such was entered on December 12,1991. On December 20,1991 Lillian Rosenthal filed a motion to alter or amend the judgment pursuant to Rule 59 to reflect that the judgment against her had been by summary judgment and not by default judgment. On January 14,1992 the trial judge ruled that the entry of a default judgment against defendant Lillian Rosenthal was the result of mistake and clerical error (See Dist./Mun. Cts. R. Civ. P., Rule 60), and the court directed the entry of a judgment nunc pro tunc to December 12,1991. The case was reported here for determination of two issues.
The defendants claim that they were aggrieved by two decisions rendered at the trial level, namely, 1) that it was improper for the trial judge to effectively convert a Rule 59 (e) motion into a Rule 60 (a) motion, allow it and direct the entry of a judgment nunc pro tunc to December 12,1991 since this had the collateral effect of cutting off the defendant’s rightof appeal; and 2) that partial summaryjudgment as to liability was improperly granted because there was an issue of material fact that should have been left to a trier of fact.
T. AMENDING THE JUDGMENT
1. It was error for the trial judge to consider the defendant's Motion to Amend pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(a) instead of Rule 59(e) as it was filed.
The defendant moved to amend the judgment pursuant to Rule 59 (e) within the permissible ten day period after the entry of judgment as the Rule itself calls for. The *42 basis for this motion was to have the record reflect that the case was decided by means of summary judgment as opposed to a default judgment. The trial judge found in the defendant’s favor but determined that a clerical error was the reason for the improper categorizing of the judgment. Because the judge concluded it was a result of clerical error, the judge, on his own initiative, resolved the case pursuant to Rule 60(a). In doing so, tiie judge then directed on January 14,1992 that judgment enter nunc pro tunc to December 12,1991. Since neither motions nor orders under Rule 60 toll the running of filing periods, Dist./Mun. Cts. R. Civ. R, Rule 64(c) (1) (i) and (ii), the defendant was effectively deprived of the tolling granted to her both by her own filing of a Rule 59 motion and the judge’s either granting or denying of her Rule 59 motion. Dist/Mun. Cts. R. Civ. P., Rule 64(c) (1)(iii).
The Supreme Judicial Court in Pentucket Manor Chronic Hospital, Inc. v. Rate Setting Commission, 394 Mass. 233, 237 (1985), stated “where doubt exists as to the proper characterization of apost-judgment motion, some courts simply treat all-timely filed motions which call into question the correctness of judgment as Rule 59(e) motions.” Furthermore, in Bronstein v. Lueck, 1992 Mass. App. Div. 5, 6, the Court stated “while recognizing the power of a court to correct clerical errors in its docket, that power cannot be exercised in such a way as to deprive a litigant of the right to seek review by way of appeal or other post-adjudication remedies.”
The defendant timely filed her Rule 59 motion. Whether it had been allowed or denied after hearing, the simple filing of the motion had the effect of tolling the running of the ten day period for the filing of a Request for Report and for a Draft Report. Dist/Mun. Cts. R. Civ. R, Rule 64 (c) (1) (iii). The judge’s action in choosing not to act on the Rule 59 motion, but instead converting it to a Rule 60 (a) order was an error insofar as it worked a retroactive deprivation of the defendant’s ten day filing time. The report is properly before us. We go on to consider the merits of the defendant’s appeal.
II. THE SUMMARY TUDGMBNT
Rule 56 (c) of the Dist/Mun. Cts. R. Civ. P. establishes the familiar standard for the allowance of summary judgment:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
In essence the defendant’s contentions are economically presented in the second paragraph of the Alfred Rosenthal affidavit which was offered in opposition to the plaintiff’s Motion for Summary Judgment.
2. The loan that is the subject of this action was brought up to date by me in November of 1990, with a payment of $10,000. $5,000 of the payment was to bring this loan up to date, with the other five thousand dollars forwarded to the first mortgagee. A true copy of the receipt for these funds paid is attached hereto and marked as Exhibit A. The payment was made to forestall the effort by the plaintiff to foreclose upon its second mortgage on property located at 96 Nardell Road in Newton. The plaintiff agreed to accept the funds, postpone its foreclosure sale, and forebear from taking further action until we were able to market and sell the property in an orderly fashion. To do so, we needed the time to make necessary repairs to the property to facilitate its sale and prepare itfor sale for the spring selling season of 1991. Notwithstanding the agreement that we made with the plaintiff, the plaintiff failed to forward the second five thousand dollars to the holder of the first *43 mortgage, and I do not know what he has done with the money. This five thousand dollars would have brought this loan current through May of this year.
This, to us, is the gravamen of the lawsuit and whether the trier of fact chooses to believe that version of the events rather than the plaintiffs version will determine the outcome of the suit. In other words there exists a genuine issue of material fact. Choosing one version over the other is not the role of the Rule 56 judge. That task is reserved to the trier of fact. Kaitz v. Foreign Motors, Inc., 25 Mass. App. Ct. 198; New Boston Packing Corp., v. Scituate Harbor Institute of Technology, Inc., 1983 Mass. App. Div. 81.
Interestingly in its brief the plaintiff urges upon us the putative language of the promissory note, arguing that the referenced language precludes the defendant’s argument. The plaintiff overlooks that the language of the promissory note is not before us, never having been included in the report or"... annexed to or incorporated in the draft report.” Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (2).
The case is remanded to the trial court and shall stand for trial.
Judge Menton dissents from the second part of the court’s decision (summary judgment).

 Only the defendant Lillian Rosenthal is before us on appeal.