CHITTENDEN TRUST CO. *vs.* EDWARD M. LEVITT.

No. 87-897.

Middlesex.  April 14, 1988. — July 14, 1988.

Present: GREANEY, C.J., KAPLAN, & ARMSTRONG, JJ.

*Practice, Civil,* Judgment, Dismissal, Entry of judgment. *Judgment,* Preclusive effect.

In a collection action by a bank against the guarantor of a note, the judge's order of "dismissal nisi," which contemplated the entry of a judgment at a later date, and the subsequent entry in the docket of the word "Dismissed," did not have the effect of a judgment in the absence of compliance with Mass.R.Civ.P. 58(a), with the result that the case remained open and the judge could properly entertain the defendant's motion for an order directing the bank to return his collateral. [210-211]

An order for the dismissal, without prejudice, of a bank's collection action against the guarantor of a note had no preclusive effect on the parties' claims upon which a judge could predicate an order directing the bank to return the defendant's collateral. [211-213]

CIVIL ACTION commenced in the Superior Court Department on April 22, 1981.

A motion for return of collateral was heard by *Hiller B. Zobel,* J.

*Karen I. Tenenbaum* for the plaintiff.

*Edward A. Sokoloff* for the defendant.

ARMSTRONG, J.  In 1981 the plaintiff, a Vermont bank, brought this collection action against the defendant as guarantor of a note of Redrock Properties, Inc. The bank alleged that the amount due on the note was $340,000. The defendant acknowledged that he had signed the guaranty but denied that there was consideration for his signature. He also counterclaimed, alleging that the bank had assured him subsequent to the signing of the guaranty that the bank would not proceed against him because it had worked out satisfactory arrangements for pay-

ment with one Charles L. Shumway, also a guarantor, and that he (the defendant) had relied on those assurances to his detriment in his subsequent dealings with Shumway.

Following the execution of the guaranty the defendant had been asked to post collateral; in response, on September 23, 1980, he pledged a stock certificate representing 2,031 shares of Healthco, Inc., stock. In 1986, five years after this action had been commenced, the bank sent the defendant a notice that it would sell the Healthco stock on July 22. The defendant filed a motion for an order restraining the sale, alleging that he had been assured when he pledged the stock that it was required only to satisfy the bank's auditors and that it would not be sold by the bank or at least that it would not be sold unless all remedies against Shumway had first been exhausted. The court entered the restraining order.

On November 5, 1986, the case was called for trial, and the parties reported to the judge that they had settled their differences. The court ordered the entry of a "dismissal nisi": the order directed the parties to file an agreement for judgment within twenty days, failing which the clerk was to "prepare, sign and enter judgment dismissing the complaint, without prejudice and without costs." On December 18, 1986, an un-numbered entry appears in the docket: "Dismissed". Contrary to the provisions of Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1976), the clerk did not prepare a separate document, signed by him, stating the terms of the judgment. Neither the November 5 nor the December 18 docket entry reflected the fact that the dismissal was to be "without prejudice and without costs."

Four months later, the defendant filed a motion for a court order directing the bank to return the Healthco stock certificate to the defendant. The motion recited that the earlier action had been dismissed with no judgment of liability against the defendant, that the defendant had asked the bank to return the collateral, that the bank had refused, and that the defendant had suffered a loss because the value of the stock was declining. The motion was allowed the following day (April 14), apparently ex parte (there is no indication in the record that notice

was given or a hearing held). On April 17, the bank, unaware the motion had been acted on, filed an opposition, which was not docketed. On April 21, having learned of the allowance, the bank filed a motion for reconsideration.

The matter was heard on May 8, 1987, and an order was entered directing the bank: (1) to return the certificate forthwith; (2) to pay damages measured by the decline in the value of the collateral from February 10, 1987, when the defendant demanded its return, to the date of return; and (3) to pay $200 as attorney's fees. The bank appealed.

The position of the bank on appeal is that, since the case had been dismissed, there was no pending proceeding to which the motion for return of the certificate could attach, and that the motion itself should have been dismissed for that reason.[1] The better view, we think, is that the case never went to judgment. The order for dismissal nisi was plainly not a final judgment but contemplated the entry of a judgment at a later date, based on an agreement of the parties if possible, otherwise to be prepared, signed, and filed by the clerk. Compare *Levy* v. *Bendetson*, 6 Mass. App. Ct. 558, 560-561 (1978); *Bevel-Fold, Inc.* v. *Bose Corp.*, 9 Mass. App. Ct. 576, 579-580 (1980).

The entry in the docket of the word "dismissed" at a later time did not constitute compliance in any respect with the plain and simple requirements of Mass.R.Civ.P. 58(a). No separate document entitled "judgment" was prepared; nothing was filed; nothing bore the clerk's signature. No notice was sent to the

---

[1] Following the May 8 hearing, the defendant seems to have become concerned about the possible validity of this contention, and, on May 19, he filed a motion for relief from the "judgment of dismissal" entered December 18, 1986. His contention in the motion is that the dismissal was not in fact a judgment because it failed to deal with all pending claims, and, in particular, it failed to order return of the collateral to the defendant. He sought the entry of a corrected judgment ordering the return. The bank filed an opposition to this motion, pointing out that the dismissal was to have been "without prejudice", and that an amendment ordering return of the collateral would in effect adjudicate the merits of the controversy. The judge, noting the pendency of the appeal, declined to entertain the motion, but, to preserve the status quo pending appeal, he ordered that the bank not sell or otherwise dispose of the Healthco stock until the appeal should be decided.

parties. Unlike *Lewis* v. *Emerson*, 391 Mass. 517, 519-520 (1984), there was here no document in which was included, as a visually distinct part, something labeled "judgment" and purporting to act as such. No entry called "Judgment" was made on the docket, as in *Lewis* v. *Emerson*. In this situation one could reasonably argue (1) that judgment was constructively entered, as ordered, the twentieth day after the order for judgment nisi, i.e., November 25, 1986; (2) that judgment was entered on the day of the docket entry of dismissal, i.e., December 18, 1986; or (3) that, in the absence of compliance with rule 58(a), the case has not yet gone to judgment.

This is precisely the type of confusion that rule 58(a) was meant to avoid. *Lewis* v. *Emerson*, 391 Mass. at 519-520. Recognizing (as *Lewis* v. *Emerson* held) that a judgment, to qualify as such, need not always be set out as a document physically separate from the findings and conclusions on which it is based (the "better practice", *id*. at 520), we adhere to the minimum requirement of *Lewis* v. *Emerson* that a document identifying itself as a judgment, and containing a distinct and definite order purporting to dispose of all claims, be prepared and filed in the case and that the docket entry recording that filing should flag it as the judgment.[2] Thus, when the defendant filed his motion for return of the collateral, the case was still open, and the judge was not lacking in authority to make such orders as law and equity might require, including the revision of any order previously entered. The contention that the defendant's motion must be dismissed was properly rejected.

We have seen (turning now to the merits) that the trial of this case was aborted by the report of a settlement and that there has never been an express resolution of the factual issues

---

[2] The question whether there is or is not a judgment, important chiefly for purposes of determining the time for appeal and of determining the preclusive effect of prior proceedings, should be clearly distinguished from the question of when an appellate court will consider the merits of an appeal despite the absence of a judgment. The latter question is discussed in such cases as *Selectmen of Braintree* v. *County Commrs. of Norfolk*, 399 Mass. 507, 508 (1987); *Nantucket Land Council, Inc*. v. *Planning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 207-208 (1977); *Levy* v. *Bendetson*, 6 Mass. App. Ct. at 561-562.

in dispute. The defendant's motion for return of the collateral was predicated, not on a verdict or finding that the defendant was *not* liable for any deficiency on the Redrock Properties note, but rather on the dismissal of the bank's complaint without a verdict or finding that the defendant *was* liable for a deficiency on the note. The defendant's contention, in essence, is that the order of dismissal extinguished the bank's claim. To this there are two answers. First, even if the dismissal order had the effect of a judgment, it would have been a judgment of dismissal without prejudice[3], leaving both claim and counterclaim open to resolution by later litigation. *Ogens* v. *Northern Indust. Chem. Co.*, 304 Mass. 401, 402-403 (1939). Second, as the case never went to judgment, but merely to the stage of a conditional order for judgment, the bank was not precluded either by res judicata or by collateral estoppel from asserting the deficiency and retaining the pledged stock. *Adams, Harkness & Hill, Inc.* v. *Northeast Realty Corp.*, 361 Mass. 552, 556 (1972). The respective rights of the parties remained open for trial, either in this action or, if this action should now be dismissed in accordance with the order for judgment nisi, in another action.

The order requiring return of the pledged Healthco stock and assessing damages for its wrongful retention was implicitly dispositive of the bank's claims that there remained a deficiency on the note and that it was entitled to the benefit of the pledged stock to secure payment of that deficiency. Because those claims have never been determined by trial, and lacking some other explanation, we can only assume that the order was predicated on the asserted preclusive effect of the order of dismissal. The order for return of the stock and payment of damages and attorney's fees must be reversed, leaving in effect,

---

[3] The omission of the words "without prejudice" from the docket entries reflecting the court order could not vary the terms of the order. See *Bolduc* v. *Commissioner of Correction*, 355 Mass. 765, 767 (1969). Cf. *Barry* v. *Commonwealth*, 390 Mass. 285, 289 & n.7 (1983).

however, the judge's later order precluding sale or other disposition of the Healthco stock. The case is remanded for trial or other proceedings consistent with this opinion.

*So ordered.*