Forte, J.
This very simple action for money had and received is before this Division on two separate reports which constitute the culmination of thirteen months of confused and protracted pretrial proceedings.
The first report (App. Div. No. 9138) is the plaintiffs appeal from one judge’s sua sponte recall of an execution issued in the absence of any entry of judgment. The second report (App. Div. No. 9145) is the defendant’s appeal from, inter alia, a second judge’s allowance of the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment.
The action arises out of the plaintiffs sale of a condominium in Charlestown to the defendants. Suit was commenced on November 16, 1990 by the filing of a four sentence complaint which, in addition to identifying the parties and requesting *107 specific monetary relief, alleged simply that “the defendants owe $50,000.00 to the plaintiff for money lent on or about October 13, 1987, together with interest.” Although the defendants’ three sentence answer was a general denial of such allegation, and even though the documentary exhibits indicate that no purchase price balance is due the plaintiff, the defendants now admit that they owe the $50,000.00 sum in question. They contend, however, that payment is not due until October 14, 1992. Such contention is the only actual controversy between the parties.
From the docket, the pleadings, affidavits, interrogatories and exhibits which were before both judges, the following appears: On August 13,1987, the parties executed an agreement for the defendants’ purchase of the plaintiffs condominium for $252,000.00, of which $50,000.00 was stated as having been paid as a deposit with the balance due at the time of delivery of the deed. Attached to the agreement was the following addendum:
The seller will give the buyers a $50,000.00 mortgage for a term of five years. The first two years will be interest free with no payments due. The third, fourth and fifth years of the mortgage will be at the imputed interest rateforthatyear, payment of principal and interest in five years. No payment of principal or interest will be due until 5 years (underlining in the original).
The agreement also contained the following clause:
The acceptance of a deed by the BUYER, or his nominee as the case may be, shall be deemed to be a full performance and discharge of every obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after delivery of said deed.
At the closing on October 14, 1987, the plaintiff tendered a deed to the condominium which was accepted by the defendant buyers. The adjustment sheet indicates that the plaintiff received the full balance of the purchase price from the proceeds of the defendants’ loan secured by a mortgage from the Workingmens Cooperative Bank in the amount of $202,000.00. No promissory note secured by a mortgage was ever executed or delivered by the defendants pursuant to the addendum of the purchase and sale agreement.
On August 24, 1989, the defendants sold the condominium to one Halloway, and the plaintiff thereafter commenced this suit.
On the same day that service was returned, December 13, 1990, the plaintiff requested a default and default judgment. A default was entered, and the defendants filed a motion for relief from such entry on March 13,1990. The docket states that two days later, on March 15,1990, the first judge allowed the plaintiffs motion for an assessment of damages. There is no support in the case papers for this entry. No judgment was entered.
On April 22,1991, the plaintiff filed the motion for summary judgment which is the subject of the second report, and marked it for a hearing on May 3,1991. On April 24, 1991, the first judge allowed the defendants’ motion to vacate the default.
On May 3, 1991, defendants’ counsel appeared in the Charlestown Division for the scheduled summary judgment hearing. The plaintiff did not appear, and defendants’ counsel was informed thatthe first judge had taken the plaintiffs Rule 56 motion under advisement and had ordered that no further action was to be taken until the parties were notified by the court.
The plaintiff nevertheless remarked her summary judgment motion which, on September 6,1991, was allowed by the second judge without proper notice by the plaintiff to the defendants and in the absence of defendants’ counsel. No notice of the *108 court’s ruling was issued to the defendants.
On September 20, 1991, the first judge allowed the plaintiff s motion for assessment of damages which had been filed on March 6, 1991 (and which the docket lists as having been already allowed by the same judge on March 15, 1991). There is no indication that any notice of a hearing was ever sent to the defendants or that, in fact, a hearing was held on September 20, 1991. The docket does not indicate the amount of damages assessed. No judgment was entered on the docket, and no notices were sent to the parties.
Nevertheless, on October 3, 1991, an execution issued in the amount of $58,685.00. Defendants’ counsel subsequently learned of the entry of summary judgment by the second judge and the assessment of damages by the first judge and immediately moved for relief from judgment.
On October 25, 1991, the first judge made the following endorsement on the defendants’ motion for relief from judgment:
After hearing, the court finds the execution issued improperly without judgment first being entered under Rule 58 (a) and pending further order of this court, execution is recalled and the matter is to be forwarded to [the second judge] for his review. Defendants will not encumber or sell real estate pending further order of this court.
The plaintiff requested a report of this ruling on October 30, 1991. On November 6, 1991, the first judge settled a report, and also denied the plaintiffs motion to amend judgment.
In the meantime, on November 1,1991, the second judge denied the defendants’ motion for relief from judgment, and ordered judgment for the plaintiff to issue forthwith in the amount of $50,000.00 with interest from October 15, 1989 in the amount of $9,184.00 and costs of $60.00., which total sum exceeded the damages presumably assessed (given the execution) by the first judge six weeks earlier. The docket for November 1, 1991 merely indicates “judgment for $50,000.00 to enter forthwith.” Although no judgment was entered on the docket, the docket indicates that notice of judgment was sent to the parties.
On November 14,1991, the second judge filed the following memorandum on his denial of the defendants’ Rule 60 motion:
On September 6,1991, the court... held a hearing on the plaintiff’s motion for summary judgment. Thedefendants and their counsel were not present. The court ... allowed the plaintiffs motion for summary judgment. On November 1, 1991, the defendants’ motion for relief from judgment was forwarded to the court. The court... was then advised that the parties had not been notified by the clerk’s office that the plaintiffs motion for summary judgment had been allowed ... on September 6,1991 because the court’s ruling allowing the plaintiff s motion for summary judgment had never been entered on the docket. Therefore the court... denied the defendants’ motion forrelieffromjudgmentsincesummaryjudgmenthadnotbeen entered, and ordered that summary judgment for the plaintiff for $50,000 should be entered forthwith on the docket and the parties notified.
The next day, November 15, 1991, the first judge filed the following memorandum and order:
The decision of this court on November 6,1991 denying the plaintiff’s motion to correct clerical mistakes in judgment is, suasponte, reconsidered and the matter shall be referred to [the second judge]. This action is taken because the motion relates to and includes other action taken by [the second *109 judge] in this case and should appropriately be considered by him.
On December 6,1991, the second judge endorsed on the plaintiffs motion to amend judgment:
Interest at the rate of 9% from October 15, 1989 shall be added to the $50,000.00 judgment awarded to the plaintiff pursuant to the motion for summary judgment.
This last action by the second judge was docketed only as “Plaintiff s motion to Amend Judg. ALLOWED.” However, no amended judgment was then or was at any subsequent time ever entered. The docket indicates that the defendants were given until December 21, 1991 to file a report on the second judge’s rulings, which the defendants did. That report was settled on January 6, 1992.
1. There was no error in the first judge’s sua sponte recall of the October 3, 1991 execution, and the report requested by the plaintiff (App. Div. No. 9138) is hereby dismissed.
The October 3, 1991 execution was apparently issued in response to either the first judge’s April 20, 1991 assessment of damages, or the second judge’s September 6, 1991 allowance of the plaintiffs summary judgment motion. In either event, the execution was issued prior to any entry of judgment on the docket and was thus invalid. The filing of a judge’s findings, rulings and orders does not constitute a judgment, but at best only an order for judgment. Graustein v. Dolan, 282 Mass. 579, 583 (1933). Such an order becomes an “effective” judgment only when the judgment is properly documented and then entered on the trial court docket in compliance with the mandates of Dist./Mun. Cts. R. Civ. P., Rules 58 (a) and 79 (a). Rule 58 (a) requires in pertinent part:
Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). [emphasis supplied].
Rule 79(a) mandates:
The clerk shall keep the civil docket.... All papers... orders, verdicts and judgments shall be entered chronologically in the civil docket. ...
The purpose of the separate document and docket entry requirements of Rules 58 (a) and 79 (a) is “to clarify the time from which postjudgment action shall be commenced.” Lewis v. Emerson, 391 Mass. 517, 519 (1984). Thus no post judgment action is properly or seasonably taken, including a clerk’s issuance of an execution or aparty’s initiation of an appeal, until a judgment becomes effective upon proper entry on the docket by the trial court clerk. A case remains open until such time as
a document identifying itself as a judgment, and containing a distinct and definite order purporting to dispose of all claims, be prepared and filed in the case and... [a] docket entry recording thatfiling... flag [s] it as the judgment.
Chittenden Trust Co. v. Levitt, 26 Mass. App. Ct. 208, 211 (1988).
Given the absence of a Rule 79(a) entry of judgment, there was no effective judgment herein underlying the October 3,1991 execution, and such execution was thus properly recalled. There is no merit to the plaintiffs contrary arguments which are primarily based on case authority dealing not with the issue of whether there is a judgment, but with the separate question of when an appellate court will consider *110 the merits of an appeal despite the absence of a judgment. Id. at 211 n.2 and cases cited.
2. It is also clear from a review of the second report before this Division that the plaintiff was not entitled to the summary judgment entered in her favor.
A summary judgment motion must be denied where there are genuine issues of material fact in dispute, or where the moving party is not entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). There are no issues of fact which would require a trial of this matter. Despite the contrary recitations of the purchase and sale agreement and the closing adjustment sheet, the defendants have conceded that they owe the $50,0000.00 sum sought by the plaintiff. The only issue remaning in dispute between the parties upon the plaintiffs summary judgment motion was the time when payment of such $50,000.00 sum was due. As such issue hinged upon the proper construction of the parties’ purchase and sale agreement addendum, the issue was one of law for the second judge.
It was incumbent upon the plaintiff, as the Rule 56 moving party, to establish that the $50,000.00 sum in question is now due and recoverable in this action. The unambiguous addendum expressly provides, however, that “no payment of principal or interest will be due until [sic] 5 year.” The “5 year” reference could only be interpreted as designating a payment date five years hence from the date of the closing; namely, October 14, 1992. Nothing in the addendum contradicts or qualifies the stated payment date, renders such date necessarily contingent upon the defendants’ execution of a mortgage and note, or provides for an acceleration of the debt upon the defendants’ refusal to deliver amortgage and note. If the deferral of payment until 1992 had been intended by both parties solely as a function or term of the defendants’ mortgage, there would have been no necessity for including the sentence in question. The preceding two sentences in the addendum covered the terms of the anticipated mortgage, and expressly provided for the payment of principal and interest in five years.
As the plaintiffs action seeks recovery of a payment not yet due, such action was brought prematurely and the plaintiff was not entitled to a judgment as a matter of law. Daniels v. Newton, 114 Mass. 530 (1874). The plaintiffs motion for summary judgment should have been denied.
Accordingly, the allowance of the plaintiff s Rule 56 motion is hereby vacated, and the plaintiffs complaint is dismissed without prejudice.
So ordered.