Banks, J.
This action in contract for services rendered is before this Division on a single procedural question involving the entry of judgment.
The report indicates that the trial of the case was held on March 8,1989, and that the court thereafter made a finding for the defendants. On June 22,1989, the court s finding was entered on the docket.
There are no docket entries indicating any further action in the matter until April 19,1991, when the plaintiff filed a motionfor a new trial on the grounds of a prejudicial mistake of law. The plaintiffs motion was scheduled for hearing on April 26,1991.
On April 23,1991, three days before the scheduled motion hearing, the clerk’s office of the Malden Division completed and executed a District Court Judgment Form (Uniform Form DCM-34) which set forth the court’s June 22,1989 general finding for the defendants, and contained the additional statement:
Judgment entered on docket on June 22,1989 pursuantto Rules 58 (a) and 79 (a) and a copy thereof sent to parties immediately, as notice pursuant to Rule 77(d).
Below the signature of the person subscribing to this statement, however, is the handwritten notation: “This copy mailed 4/23/91.” The trial court docket is devoid of any reference to this April 23,1991 Judgment Form.
The merits of the plaintiff s new trial motion were never reached at the April 26,1991 motion hearing. The trial court instead permitted the plaintiff to amend his motion to include the request that “in the alternative [the court] enter judgment on the date of allowance of this motion.” The trial court then heard and denied the motion on the basis of a single issue; namely, whether the clerk’s execution of a Judgment Form on April 23,1991, three days after the filing of the plaintiffs motion and almost two years after the court’s general finding, retroactively effected a final judgment as of June 22, 1989 so as to render untimely the plaintiffs motion for post-trial relief.
The short answer to the same issue which is now before this Division is that the April 23,1991 Judgment Form was never docketed as required by Dist./Mun. Cts. R. Civ. P., Rule 58 and thus failed to constitute an effective judgment as of June 22, 1989 or any other date. It is obvious that the clerk’s office of the Malden Division failed to meet the responsibility placed upon it by both Rule 58(a) (1), which requires that *145 upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign and enter judgment without awaiting any direction by the court [emphasis supplied].
and Rule 79(a), which mandates:
The clerk shall keep the civil docket... and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number [emphasis supplied].
Nor is there any question as to the consequences of such failure to comply with the Rules.
Every judgment shall be set forth on a separate document.... A judgment is effective only when so set forth and when entered [on the docket.! as provided in Rule 79(a) [emphasis supplied].
Rule 58(a). Given the trial court clerk’s failure to enter the April 23,1991 Judgment Form or any other judgment on the docket in compliance with Rules 58 and 79, it is clear that no effective judgment in this case existed at the time the plaintiff filed his new trial motion. See, generally, as to entry of judgment, Chittenden Trust Co. v. Levitt, 26 Mass. App. Ct. 208 (1988); Leary v. Yacht Leasing Corp., 6 Mass. App. 961 (1978); Levy v. Bendetson, 6 Mass. App. Ct. 558 (1978); Melican v. Ramella, 1992 Mass. App. Div. 106.
The absence of any entry on the docket of the April 23, 1991Judgment Form clearly rendered such document irrelevant in determining the plaintiffs right to file and be heard on the merits of his request for post-trial relief. It is essential to note, however, that even a proper, chronological docketing of this form on April 23, 1991 would not have effected a retroactive entry of judgment on June 22, 1989 so as to bar the plaintiffs Rule 59 motion. The function of the separate document and docket entry requirements ofRules 58(a) and 79(a) is “to clarify the time from which post-judgment action shall be commenced.” Lewis v. Emerson, 391 Mass. 517, 519 (1984). Rule 58 defines with precision when judgment has been entered for the purposes of post-trial proceedings. To consider judgment as having been entered at some point in time when it should have been entered, or to ascribe a nunc pro tunc effect to a separate judgment document to permit a retroactive entry of judgment, would not only violate the express provisions of Rule 58, but also eliminate the essential role that the entry of judgment plays in the civil process. Rules of civil procedure must be construed and applied not only as written, but also so as to preserve rather than defeat a party’s right to post-judgment relief and appellate review. Such approach is particularly warranted where, as in the instant case, procedural mistakes or omissions are attributable to the court itself. Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 121 (1990).
Despite the inordinate delay which ensued between the court’s general finding and the plaintiffs motion for a new trial, it was error to deny the plaintiffs motion on the grounds of late filing in the absence of any entry of judgment. Rule 59 required only that the plaintiff serve his new trial motion upon the defendants no later than ten days after entry of judgment, and file the motion either before, or within a reasonable time after, service. Albano v. Bonanza Intern. Develop. Co., 5 Mass. App. Ct. 692, 693-694 (1977). Obviously the plaintiffs filing could not be deemed untimely or beyond the expiration of the governing Rule 59 time period in the absence of an entry of judgment to trigger the actual commencement of such time period.
Accordingly, the trial court’s denial of the plaintiffs Rule 59 motion for a new trial is vacated. The case is returned to the Malden Division for entry of judgment, and for *146 such other post-judgment proceedings as the parties’ may thereafter request.
So ordered.