Smith, Herman J., J.
I. INTRODUCTION
The plaintiff, John T. Haffey (“Haffey”), brought this action against the defendants, Howard J. Rock (“Rock”), individually and as trustee of the Westgate Road Realty Trust, and Martin J. Coleman, III (“Coleman”), seeking payment on a $50,000 promissory note. The Court entered a default judgment in favor of Haffey on May 8, 2007. The defendants then filed a timely notice of appeal. The Appeals Court allowed the defendants’ motion for leave to file and for this Court to consider defendant’s motion to vacate (or amend) judgment.[3] Thus, this matter is before the Court on the defendants’ motions to vacate, or in the alternative, to amend judgment and to dismiss, or in the alternative, for summary judgment. At issue is the effect of a 1989 action involving the same litigants on the present action. For the following reasons, the defendants’ motions are ALLOWED.
*563 II.BACKGROUND
1. In March 1987, the defendants created the Mid-Atlantic Realty Trust to acquire and develop a parcel of land in Hull, Massachusetts.
2. On March 24, 1987, the defendants entered into a purchase agreement with a group of investors, whereby they agreed to purchase subordinated notes and use the loans to acquire and develop the Hull property. Haffey was one of the investors. Also in March 1987, Rock and Coleman signed a $50,000 subordinated note promising to pay Haffey “all outstanding principal and accrued and unpaid interest” by March 1989.[4]
3. The Hull property development ultimately failed and the investors, including Haffey, did not receive payment on the notes.
4. Haffey filed a civil action in Middlesex Superior Court (Civil No. 89-08111) against Rock and Coleman on December 7, 1989 seeking $50,000 plus interest at 25% since March 1987, as well as attorneys fees and costs (as provided for by the note’s terms) (the “1989 action”).
5. On February 1, 1991 the parties appeared for a hearing and reported to the Court that they had settled the 1989 case. The Court (Gershengom, J.) then entered an “Order for Entry of Judgment Nisi” on that same date stating that:
The above entitled action was called on the jury trial list before the Court, Gershengom, J., presiding, and thereupon was reported settled to the court by counsel of record. Wherefore, it is ordered that the agreement for judgment be filed in the clerk’s office within thirty days from the date of this order. If said agreement is not filed within said time the clerk is hereby directed to prepare, sign and enter judgment dismissing the complaint with prejudice and without costs as to any and all claims.
The corresponding docket entry matches the Court’s order.
6. Haffey stated in his affidavits in support of his ex parte motion for attachment and in opposition to the defendants’ motion to vacate judgment that when he appeared in court on .February 1, 1991, the defendants agreed that they would pay him in full after they sold property located on George Washington Boulevard in Hull, Massachusetts. His statement supports the view that the parties did, in fact, settle the case.
7. The parties, however, never filed an agreement for judgment and the clerk never entered judgment dismissing the complaint at the expiration of the thirty-day nisi period.
8. Coleman filed a “Suggestion of Bankruptcy: Motion for Continuance” dated June 24, 1991, which stated that he had filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. The next docket entry, dated June 27, 1991, reflects the fact that Coleman filed for bankruptcy. Specifically, the docket entry states that: “Deft Martin J. Coleman III suggestion of bankruptcy: motion for continuance.”
9. The United States Bankruptcy Court for the District of Massachusetts dismissed Coleman’s petition for bankruptcy on May 7, 1992. No entry reflecting this fact appears on the Superior Court’s docket.
10. Haffey filed the present action on May 10, 2005. The present action and the 1989 action are against the same parties. Haffey now also names Rock in his capacity as trustee of the Westgate Road Realty Trust because he seeks to reach and apply Rock’s beneficial interest in the Westgate Road Really Trust towards satisfaction of judgment in the present action.
11. On May 10, 2005, Haffey also filed an ex parte motion for attachment of real estate. The Court (Gailey, J.) denied the motion. Haffey moved for reconsideration, which the Court also denied.
12. The defendants served a Motion to Dismiss on Haffey pursuant to Rule 12 of the Massachusetts Rules of Civil Procedure on June 7, 2005. Haffey served an opposition in reply to the defendants on June 21,2005. Although the defendant argues that he filed the motion, no corresponding entry appears on the docket and the Court did not hold a motion hearing.
13. The Court entered a Judgment of Dismissal, without prejudice, on September 9, 2005 because Haffey did not timely complete service. The Court later allowed Haffey’s motion to vacate that judgment on November 7, 2005.
14. On September 27, 2006, the Court entered an order of default against the defendants for failure to appear at the pre-trial conference on September 26, 2006.
15. The defendants filed a motion to remove the default, which the Court denied. They then filed a motion to reconsider that denial. The Court allowed the motion to reconsider, but denied the motion to remove default after reconsideration.
16. The Court entered a default judgment against the defendants on May 8, 2007 in the amount of $50,000, plus $108,691.36 in interest from March 31, 1989 to May 8, 2007, $6,412.50 in attorneys fees, and statutory costs.
17. The defendants filed a notice of appeal from the default judgment on June 1, 2007.
18. On October 31, 2007, the Appeals Court allowed the defendants’ motion for leave to file, and for the Superior Court to consider, their motion to vacate and amend judgment. The Appeals Court also ordered a stay of appellate proceedings.
*564 III. DISCUSSION
A. The 1989 Action
The defendants’ ability to succeed on their motions in the present action depends in large part upon the meaning of the judgment nisi in the 1989 action. When the Court enters an order of judgment nisi, the Court is literally stating that “the litigation has ended ‘unless’ the parties inform it within the specified nisi period of a failure of implementation of the settlement.” Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass.App.Ct. 29, 44 & n.9 (2008). “Trial counsel reporting a settlement agreement are not taking out an option to settle,” subject to a later change of mind by either litigant. Id. The failure to implement settlement “must usually result from a problem or obstacle beyond the control of the parties.” Id. Only “[uncontrollable causes may trigger the conditional ‘nisi’ character of the dismissal order and entitle the parties to return to litigation.” Id. The Appeals Court has noted that it is correct to state that a report of settlement and subsequent order of judgment nisi results in “termination” of the litigation, it does not result in a mere “suspension” of the litigation. Id. at 42. Thus, Massachusetts courts “have consistently emphasized the qualities of seriousness and commitment characterizing a settlement agreement reported to a trial court.” Id.; see also Correia v. DeSimone, 34 Mass.App.Ct. 601, 603-05 (1993) (upholding settlement agreement reported orally to court even though never put into writing); Hubbard v. Peairs, 24 Mass.App.Ct. 372, 378 (1987) (binding settlement agreement arose as soon as reported by parties in open court).
The plaintiffs cite to Chittenden Trust Co. v. Levitt, 26 Mass.App.Ct. 208 (1988), as support for their argument that the Court should view the order of judgment nisi as “plainly not a final judgment,” but merely one that “contemplate[s] the entry of final judgment at a later date.” Id. at 210. In Chittenden, the parties reported the case as settled and the Court ordered an entry of dismissal nisi providing that if the parties did not file an agreement for judgment within twenty days, the clerk was to “prepare, sign, and enter judgment dismissing the complaint, without prejudice.” Id. at 209. Chittenden, however, is an inappropriate comparison to the case-at-bar because, unlike here, the nisi order provided for dismissal “without prejudice.” Id. at 212. Thus, regardless of whether the order served as final judgment, it had no preclusive effect on future litigation between the parties. Id. Additionally, the Appeals Court’s 2008 decision in Basis makes clear the finality with which the Court presently views settlement reports and nisi orders. See 71 Mass.App.Ct. at 42 (stating that nisi order terminates the litigation).
Here, the parties reported to the Court that they had settled shortly before trial of the 1989 action. Thereafter, they failed to file the court-ordered agreement for judgment. As a result, the order of judgment nisi automatically provides that the clerk must enter judgment dismissing the case with prejudice. The clerk’s failure to comply with that order does not affect its validity. See Lewis v. Emerson, 391 Mass. 517, 519 (1984) (purpose of clerk docket entry rules of Mass.R.Civ.P. 79 is to “clarify the time from which post judgment action shall be commenced”); see also Little v. E. Cambridge Sav. Bank, 35 Mass.App.Ct. 734, 738-40 (1994) (applying issue preclusion to later-filed case despite fact that clerk did not make docket entiy required by Mass.R.Civ.P. 79(a)); Massey v. Stop & Shop Cos., 1998 Mass.App.Div. 117, 117-18 (1998) (characterizing entry of judgment of dismissal after end of nisi period as “purely mechanical step”).
Neither party presently argues that their failure to ultimately file a settlement agreement in the 1989 action “resulted] from a problem or obstacle beyond [their] control.”[5] See Basis Tech. Corp., 71 Mass.App.Ct. at 44 & n.9. Accordingly, this Court must view the report of settlement and the subsequent order of judgment nisi with the “seriousness” and “commitment” that it is due. Id. at 42. Thus, the order of judgment nisi served to “terminate” the 1989 action and all that is left is to correct the clerk’s omission by ordering the technical final, and long overdue step of a final entry of judgment by the clerk. Id.; see also Mass.R.Civ.P. 60(a) (“Clerical mistakes in judgments, orders or other parts of the record . . . arising from oversight or omission may be corrected by the court at any time of its own initiative . . .”).
B. The Present Action
In light of the Court’s determination that final judgment dismissing, with prejudice, the 1989 action must be entered, the present action is precluded by the doctrine of res judicata, specifically: claim preclusion. See Heacock v. Heacock, 402 Mass. 21, 23 & n.2 (1988). “The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in that action.” Heacock, 402 Mass. at 23. Claim preclusion applies where three elements are met: “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” DaLuz v. Dep’t of Corr., 434 Mass. 40, 45 (2001).
A dismissal with prejudice, like that in the 1989 action, is “an adjudication on the merits as fully and completely as if the order had been entered after trial.” Tuite & Sons, Inc. v. Shawmut Bank N.A., 43 Mass.App.Ct. 751, 754 (1997) (quoting Bagley v. Morley, 407 Mass. 633, 637 (1990)). Additionally, Haffey raises the exact same claim, payment on the $50,000 promissory note, against the same persons as he did in the 1989 action. See DaLuz, 434 Mass. at 45; see also Heacock, 402 Mass. at 23. Haffey is, therefore, precluded from relitigating this matter. See id. Accordingly, justice requires that the default judgment *565 against the defendants be vacated and the case dismissed.[6] See Mass.R.Civ.P. 60(b)(6).
IV. ORDER
1. It is hereby ORDERED that, in accordance with the terms of the February 1, 1991 Order for Entry of Judgment Nisi, judgment shall enter forthwith dismissing Superior Court Civil Action No. 89-08111 with prejudice;
2. It is further ORDERED that the defendants’, Howard J. Rock, Individually and as Trustee and Martin J. Coleman, Motion to Vacate Judgment in Superior Court Civil Action No. 05-01593 be and is ALLOWED.
3. It is further ORDERED that the defendants’, Howard J. Rock, Individually and as Trustee and Martin J. Coleman, Motion to Dismiss Superior Court Civil Action No. 05-01593 be and is ALLOWED.

See Haffey v. Rock, No. P-1160 (App.Ct. October 31, 2007).

The note leaves blank spaces to enter the exact date in March 1987 and in March 1989. These spaces were left blank on the copy provided to the Court.

Halley states in his affidavit that he was unaware that an order of judgment nisi entered and that he believed the case became inactive due to Coleman’s bankruptcy. The docket entry reflecting Coleman’s bankruptcy was made on June 27, 1991, over four months after the order of judgment nisi on February 1, 1991 and long past the Nisi Order’s thirty-day expiration.

As the Court is ordering the entry of judgment in the 1989 action, the plaintiffs arguments regarding the timeliness of the defendants’ 12(b)(9) motion under the Massachusetts Rules of Civil Procedure need not be addressed.