Wilkins, Douglas H., J.
The plaintiff, Peter F. Davis (“PlaintifF or “Davis”), brought this action to recover legal fees allegedly owed by Santos Gonzalez (“Mr. Gonzalez”) and his daughter, Myrta Gonzalez (“Ms. Gonzalez”). Each defendant has filed a Motion for *474 Summary Judgment (“Motions”), which Davis opposed. After hearing, Ms. Gonzalez’s Motion is ALLOWED. Mr. Gonzalez’s Motion is ALLOWED IN PART AND DENIED IN PART.
BACKGROUND
The facts established by the Parties’ Rule 9A(b)(5) statement, along with inferences drawn in favor of the plaintiff as opposing party, are as follows.
Davis is an attorney admitted to practice in Massachusetts since 1960. On July 17, 2006, Mr. and Ms. Gonzalez filed a complaint in Suffolk Superior Court against Davis and another attorney alleging legal malpractice in connection with representation of the plaintiffs in certain loan transactions. That action is entitled Gonzalez et al. v. Frank S. Prizer and Peter Davis, Suffolk Superior Court No. SUCV 2006-29970D (“Prior Action”). On August 10, 2006, Davis filed a “Responsive Pleading” in the Prior Action, which contained a counterclaim alleging non-payment of a September 28, 2005 invoice (“2005 Invoice”) for legal fees in the amount of $33,523.89.
In the fall of 2009, Ms. Gonzalez agreed to dismiss with prejudice her legal malpractice claim against Davis and Prizer. In a Partial Stipulation of Dismissal filed on October 7, 2009 and entered as a judgment two days later, all parties agreed:
... to dismiss with prejudice and without costs all claims asserted by or against Myrta Gonzalez in this action and to waive all rights of appeal from this dismissal. The Parties further stipulate that Defendant Santos Gonzalez shall be liable for any attorneys fees that would have been due from Myrta Gonzalez had she remained a party in this action.
On December 6, 2010, the Court entered a Judgment under Mass.R.Civ.P. 54(b) as to Defendant Peter Davis, “finding that Plaintiff is not prepared to prosecute his claims against Defendant Peter Davis and that entry of dismissal under Mass.R.Civ.P. 41 for lack of prosecution of the claims against Defendant Peter Davis is appropriate.” The Judgment also stated that Mr. Gonzalez “expressed an unwillingness to proceed with a previous oral agreement that he had authorized his counsel to enter into . . . which would have resolved the claims as to Defendant Peter Davis.”
On December 6, 2010, the Suffolk Superior Court’s Clerk’s Office entered an Order for Entry of Dismissal Nisi As to Counterclaims Only (“2010 Nisi Order”), reciting that counsel had reported the matter settled as to counterclaims only. Following standard practice, the 2010 Nisi Order stated that, if an agreement for judgment or stipulation of dismissal was not filed in the Clerk’s office by January 5, 2011, “the Clerk is hereby directed to prepare sign and enter Judgment dismissing the ... claims, without prejudice and without costs.” No such agreement or stipulation was filed, and no Judgment dismissing the counterclaims without prejudice was entered.
In the Prior Action, Mr. Gonzalez and Attorney Prizer entered into a Stipulation of Dismissal With Prejudice on April 29, 2011, which was docketed on May 3, 2011 (“2011 Stipulation”). They agreed “that this entire matter be dismissed with prejudice, without costs and attorneys fees, and with all rights of appeal waived.” A footnote to the stipulation stated: “All claims by Myrta Gonzalez were dismissed with prejudice in 2009 and all claims related to Peter Davis were dismissed with prejudice in 2010. The only remaining parties are Santos Gonzalez and Franklin S. Prizer.” Davis received a copy of that stipulation, but raised no objection. On May 4, 2011, the Suffolk Civil Clerk’s office made the following entry in the docket.
Stipulation of Dismissal (filed 5/3/11) as to plffs vs. defts and counterclaims with prejudice and without costs JUDGMENT entered on docket pursuant to Mass.R.Civ.P. 58(a) as amended and notice sent to parties pursuant to Mass.R.Civ.P. 77(d).
There are no subsequent filings or docket entries in the Prior Action.
On June 27, 2011, Davis filed this case against both Ms. and Mr. Gonzalez, seeking payment for the same legal fees on the theories of quantum meruit (Count I) and violation of G.L.c. 93A (Count II). Davis claims that he sued Ms. Gonzalez because he believed that naming her was necessary under “the total language of the Stipulation of Dismissal that had been filed in the prior action.” Ms. Gonzalez has counterclaimed for declaratory relief and damages arising from malicious prosecution of this case against her.
DISCUSSION
On summary judgment, the moving party has the burden to demonstrate that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Foley v. Boston Hous. Auth., 407 Mass. 640, 643 (1990). The movant may meet this burden by showing that the plaintiff has no reasonable expectation of producing evidence on a necessary element of his case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party meets the burden, the opposing party must advance specific facts that establish a genuine dispute of material fact. Id.
I.
The Court must dismiss Davis’ claims against Ms. Gonzalez on the basis of claim preclusion. To make out a defense of claim preclusion, “three elements are required: (1) the identity or privity of the parties to the present and prior actions; (2) the identity of the cause of action; and (3) a prior final judgment on the merits.” TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc., 48 Mass.App.Ct. 1, 4 (1999), quoting Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994).
Ms. Gonzalez and Mr. Davis were parties to the Prior Action. The causes of action are the same, because *475 Davis’ counterclaims in the Prior Action sought payment for the same work for which he seeks fees in this case. The assertion of new theories upon which Davis might recover those fees does not differentiate the “causes of action” in the two cases, because they all arise out of a common nucleus of operative facts. See Tuite & Sons v. Shawmut Bank, N.A., 43 Mass.App.Ct. 751, 753 (1997). Moreover, the claims based upon those new theories were compulsory counterclaims, which Davis waived by failure to plead them in the Prior Action. See Mancuso v. Kinchla, 60 Mass.App.Ct. 558, 563 (2004) (“failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim”).
Finally, the Prior Action terminated in the necessary “judgment” for claim preclusion purposes. Davis stipulated in 2009 “to dismiss with prejudice and without costs all claims asserted by or against Myrta Gonzalez in this action and to waive all rights of appeal from this dismissal.” That stipulation was entered as a judgment between Davis and Ms. Gonzalez and therefore counts as a prior final judgment on the merits having preclusive effect. See Medeiros v. Middlesex Ins. Co., 48 Mass.App.Ct. 51, 55 (1999) (dismissal with prejudice “was presented to' a judge for approval and enshrined in the equivalent of a judgment”). “Because claim preclusion involves the same claims and the same parties, it is necessary that.a stipulation of dismissal be accorded the same effects as a final judgment; it would have no force if the parties were permitted to change their minds and re-litigate the exact same claims against the same parties.” Jarosz v. Palmer, 436 Mass. 526, 536 (2002). All of Davis’ claims against Ms. Gonzalez are therefore barred.
In Count I of her counterclaims, Ms. Gonzalez seeks a declaratory judgment that the stipulation of dismissal in the Prior Action precludes recovery against her of any fees for work reflected in the 2005 Invoice. Because principles of claim preclusion afford Ms. Gonzalez all the relief she needs, a declaratory judgment would be duplicative and unnecessary. Where she already has the benefit of a judgment in the Prior Action, there is no “actual controversy” justifying a declaratory judgment in this case under G.L.c. 231 A. Count I of Ms. Gonzalez’s counterclaim will therefore be dismissed for lack of jurisdiction.
Count II of Ms. Gonzalez’s counterclaim seeks damages for malicious prosecution. “To assert a proper claim of malicious prosecution, [Ms. Gonzalez] must plead facts that demonstrate that [she was] damaged because [Mr. Davis] prosecuted the collection action with malice and without probable cause, and that the collection action terminated in [her] favor.” Beecy v. Pucciarelli, 387 Mass. 589, 593 (1982). “[P]robable cause is judged by an objective, rather than a subjective standard.” Chervin v. Travelers Ins. Co., 448 Mass. 95, 104 (2006). The Court has found above that this action must terminate in Ms. Gonzalez’s favor. The stipulation of dismissal with prejudice of all claims by and against her is so clear, that, as an objective matter, Davis lacked any probable cause for suing her in this case. The suggestion that somehow she was a necessary party here because she was originally Davis’ client cannot withstand comparison with the stipulation in the Prior Action, which expressly provided that Mr. Gonzalez “shall be liable for any attorneys fees that would have been due from Myrta Gonzalez had she remained a party in this action.” There is no reasonable basis to argue that this language preserved any claim by Davis against Ms. Gonzalez — which the previous sentence expressly dismissed with prejudice — or that it created a need to sue Ms. Gonzalez, thereby defeating the very purpose of the stipulation in the first place to protect her from Davis’ claims.
The element of malice is present if “(1) [Mr. Davis] knew that there was no probable cause for the prosecution and (2) [Mr. Davis]... personally acted with an improper motive.” Beecy, 387 Mass. at 593-94. The question for the jury is “whether the defendant was motivated to assert legitimate legal rights, but rather was motivated by an improper purpose because [he] ‘instituted] a civil proceeding when [he did] not believe [his] claim to be meritorious’ or did so to ‘forc[e] a settlement that has no relation to the merits of the claim.’ ” Chervin, 448 Mass. at 110, quoting Restatement (Second) of Torts §676 comment c (“improper purpose” element).
There is a genuine dispute of material fact on the question of malice. Davis’ affidavit claims that he “determined that it was necessary to include Myrta Gonzalez as a defendant, notwithstanding her dismissal in SUCV2006-2997 since she was an individual for whom I had performed legal services, and from whom I had sought payment for such services.” He also claims that his “inclusion of Myrta Gonzalez as a party defendant in this action was only due to my good faith determination that her presence, although only nominal, was required considering all the circumstances.” Ms. Gonzalez argues correctly that there is testimony warranting an inference that these statements mask Davis’ true intent to sue her, the daughter, in order to obtain improper leverage against her father,[1] but that is not enough to warrant entry of summary judgment. Despite the absolute fallacy of the logic in Attorney Davis’ affidavit as a matter of reason and law, a jury might nevertheless credit Davis’ testimony and find that his objectively baseless claims against her were, as a subjective matter, brought for the purpose of securing the proper adjudication of his claim and, therefore without malice. Summary Judgment must be denied on Count II of Ms. Gonzalez’s Counterclaim.
II.
Mr. Gonzalez’s Motion asserts claim preclusion based upon the Prior Action and, in the alternative, *476 seeks dismissal of the c. 93A Count on statute of limitations grounds.
To meet the requirement of a prior judgment, Mr. Gonzalez relies not upon any separate piece of paper, but upon the short-hand phrasing of the docket entry made by the clerk. That docket entry is not a “judgment” within the meaning of Mass.R.Civ.P. 58(a), which provides in relevant part:
Every judgment shall be set forth on a separate document; but when any party files an agreement for judgment, or a notice or stipulation of dismissal pursuant to Rule 41(a)(1), the agreement, notice or stipulation, as the case may be, shall, upon being filed, constitute the judgment, for all purposes, and no separate document need be prepared. A judgment is effective only when so set forth or filed and when entered as provided in Rule 79(a).
Rule 79(a), in turn, requires the clerk to “keep the civil docket” and to enter “ [a]ll papers filed with the clerk . . . all . . . orders, verdicts, and judgments” chronologically in the civil docket..." Id. Key to understanding the role and effect of the docket entries is the directive that “(t]hese entries shall be brief but shall show the nature of each paper filed . . . and the substance of each order or judgment of the court. . .” Id. Entry of an order must “show'the date the entry is made.” Id.
A “brieF entry showing the “substance” of a judgment is not the same as the judgment itself. In this case, there is no paper finally entering judgment in the Prior Action with respect to Davis’ counterclaims. The 2010 Nisi Order, however, expressly contemplated dismissal “without prejudice.” A Nisi Order means that “the litigation has ended ‘unless’ the parties inform it within the specified nisi period of a failure of implementation of the settlement.” Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass.App.Ct. 29, 44 & n.9 (2008). It results in “termination” of the litigation, not only a “suspension” of the litigation. Id. at 42. That is so even though the Clerk did not act upon the Nisi Order’s ministerial directive to enter dismissal without prejudice, because “(t]he clerk’s failure to comply with that order does not affect its validity.” Haffey v. Rock, 2008 WL 650426 (SuperCt. 2008) [23 Mass. L. Rptr. 562).[2] If that test applies here, then litigation of the counterclaims in the Prior Action terminated without prejudice.
In Haffey (at id.) the nisi order called for dismissal with prejudice and acknowledged that the result might be different for nisi orders that, as in the Prior Action, contemplate dismissal without prejudice. A “without prejudice” nisi order means that, “regardless of whether the order served as final judgment, it had no preclusive effect on future litigation between the parties.” Haffey, 2008 WL 650426, citing Chittenden Trust Co. v. Levitt, 26 Mass.App.Ct. 208, 212 (1988). At best (for Mr. Gonzalez), the 2010 Nisi Order “contemplated the entry of final judgment at a later date, based on an agreement of the parties if possible, otherwise to be prepared, signed, and filed by the clerk.” Chittenden, 26 Mass.App.Ct. at 210. A docket entry in the Prior Action did not constitute a judgment for this purpose. Id., 26 Mass.App.Ct. at 210-11 (“The entry in the docket of the word ‘dismissed’ at a later time did not constitute compliance in any respect with the plain and simple requirements of Mass.R.Civ.P. 58(a)”).
That leaves the 2011 Stipulation. Executed only by Mr. Gonzalez and Mr. Prizer, the 2011 Stipulation falls to meet the requirement that it be signed by all the parties who have appeared in the case (Mass.R.Civ.P. 41(a)(1)(ii). The only way to avoid that conclusion would be if, for the sake of argument, Davis no longer had to sign the stipulation because he had previously been dismissed — but that dismissal would have been without prejudice and therefore would defeat Mr. Gonzalez’s claim preclusion defense. It is true that the 2011 Stipulation asserted in a footnote that the case had previously been dismissed with prejudice as to Davis’, claims, but Rule Mass.R.Civ.P. 41(a)(1)(ii)’s requirement for the signature of “all parties who have appeared in the action” ensures that the parties whose rights are affected provide an affirmative written approval of the stipulation’s contents. Using Davis’s silence and inaction to hold him to an arguably erroneous footnote in a stipulation, signed only by other parties, runs counter to the Rule’s purpose and language.
All of this illustrates how critically important it can be for counsel to follow up after entry of a nisi order. Counsel have the ability and responsibility to focus on ensuring that the correct final judgment enters to close out the case. In this case, it may well be that some of the parties made errors in drafting documents that settled the Prior Action, which in turn caused the clerk to make the entries upon which Mr. Gonzalez now relies and which Mr. Davis contests, with some awkwardness, in a different county. At a minimum, the parties’ inattention to these matters in the Prior Action has led to additional litigation in this case. Even now, the parties may be well advised to return to the Suffolk Superior Court to straighten out the judgment or docket entries in that case. See Mass.R.Civ.P. 60(a) (clerical errors in judgments “and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . .”). If that happens, this court can entertain appropriate motions, if any, in this case based upon a corrected final judgment in Suffolk County. For purposes of Mr. Gonzalez’s Motion at this time, however, there is no prior judgment upon which to base a defense of claim preclusion.
Mr. Gonzalez’s alternative argument is well taken. Actions for violations of G.L.c. 93A “shall be commenced only within four years next after the cause of action accrues.” G.L.c. 260, §5A. “An attorney’s cause of action for fees accrues no later than when his *477 services terminate.” Jenney v. Airtek Corporation, 402 Mass. 152, 154 (1988). The invoice submitted by Attorney Davis reflects that he performed his services for the defendants in or before 2005. He brought this case in 2011. Even if one accepts his argument that a discoveiy rule applies to 93A claims (and that a c. 93A claim somehow lies on the facts of this case),[3] there is no merit to his argument that he learned of the defendants’ intent not to pay him only when he conducted discovery in the Prior Action. He filed a counterclaim in that case on August 10, 2006, based upon their refusal to pay legal fees. At the latest, he knew then that the defendants did not plan to pay. Mr. Gonzalez is therefore entitled to summary judgment on his statute of limitations defense to Count II.
CONCLUSION
For the above reasons, the Court ORDERS AND ADJUDGES THAT:
1. The Defendant Myrta Gonzalez’s Motion for Sununary Judgment is ALLOWED AS TO THE COMPLAINT. Judgment shall enter in favor of Defendant Myrta Gonzalez and against Plaintiff Peter F. Davis dismissing the Complaint against her WITH PREJUDICE.
2. The Defendant Myrta Gonzalez’s Motion for Summary Judgment is DENIED AS TO THE COUNTERCLAIMS. In addition, Count I of the Counterclaims of Defendant Myrta Gonzalez is DISMISSED FOR LACK OF JURISDICTION.
3. The Defendant Santos Gonzalez’s Motion for Summary Judgment is ALLOWED with respect to Count II. Judgment shall enter for Santos Gonzalez dismissing Count II with Prejudice. The Defendant Santos Gonzalez’s Motion for Summary Judgment is otherwise DENIED.

 See American Velodur Metal Inc. v. Schinabeck, 20 Mass.App.Ct. 460 (1985) (upholding a counterclaim alleging abuse of legal process because an action against the wife was commenced for the ulterior purpose of coercing a settlement in a divorce proceeding).

 The Court in Haffey supported this statement with the following citations: “See Lewis v. Emerson, 391 Mass. 517, 519 (1984) (purpose of clerk docket entry rules of Mass.R.Civ.P. 79 is to “clarify the time from which post judgment action shall be commenced”); see also Little v. E. Cambridge Sav. Bank, 35 Mass.App.Ct. 734, 738-40 (1994) (applying issue preclusion to later-fled case despite fact that clerk did not make docket entry required by Mass.R.Civ.P. 79(a)); Massey v. Stop & Shop Cos., 1998 Mass.App Div. 117, 117-18 (1998) (characterizing entry of judgment of dismissal after end of nisi period as “purely mechanical step”).”

 No prevail under G.L.c. 93A, a plaintiff must show more than “a mere breach of a legal obligation under commercial law.” Framingham Auto Sales, Inc. v. Workers’ Credit Union, 41 Mass.App.Ct. 416, 418 (1996), quoted in Shaanxi Jinshan TCI Electronics Corp. v. Fleetboston Financial Corp., 61 Mass.App.Ct. 41 (Mass.App.Ct. 2004).