Poehler, J.
The issue presented in this appeal is whether a District Court judge abused his discretion in denying the plaintiff-appellant’s “motion to vacate dismissal for the limited purpose of amending the complaint to substitute defendants” (“motion to vacate”).
On July 11, 2008, the plaintiff-appellant, Carmen Gonzales (“Gonzales”), allegedly fell on a wet floor at the Courtyard by Marriott, at 72 Grove Street, Worcester, Massachusetts (“the premises”). Although the record does not contain a copy of her attorney’s letter of representation, such a letter was acknowledged by Marriott Claims Services (“MCS”) by a return letter dated September 16, 2008. In that letter, MCS requested basic information regarding, among other things, Gonzales’s injuries, medical bills, and wage-loss documentation. A follow-up letter was sent by MCS on April 10, 2009, requesting some of the same information. On March 14, 2011, MCS sent another letter to Gonzales’s counsel, requesting a response to an offer of settlement that had been made in January, 2010. None of those letters contain any reference to the identity of the owner of the premises.
Finally, on May 5,2011, MCS forwarded a Release and Settlement of Claim form to counsel for Gonzales. That document indicated that the release was to run in favor of “Marriott International, Inc., its parents, subsidiaries, affiliates, predecessors, successors, directors, officers, shareholders, employees, agents, (‘Marriott Releasees’) and all other persons, firms and corporations legally responsible or in privity with the Marriott Releasees.” It did not identify the owner of the premises. Despite these communications, the claim did not settle.
On July 7, 2011, Gonzales filed a civil complaint in the Worcester District Court against the defendant-appellee, Marriott International, Inc. (“Marriott”). The complaint alleged that the premises was “owned by and/or under the control” of Marriott on the date of the alleged incident. On September 6, 2011, Marriott filed a motion to dismiss the complaint on the ground that at the time of Gonzales’s fall, it was neither the owner nor in control of the premises. Filed with the motion was an affidavit from the assistant secretary of Courtyard Management Corporation (“Courtyard”) attesting to the fact that on July 11,2008, the premises was owned by Naim, LLC (“Naim”) and managed by Courtyard. Marriott’s motion to dismiss was *104 allowed on September 12,2011, and a judgment of dismissal entered on September 30,2011.[1]
On October 19,2011, Gonzales filed a complaint against Naim and Courtyard, alleging that Naim was the owner of the premises and Courtyard was managing and in control of the premises at the time of her fall. On January 5,2012, Naim and Courtyard filed a motion to dismiss on the ground that the statute of limitations had run on the claim. That motion was argued on January 26,2012 and allowed on February 6,2012.
On September 28, 2012, almost a full year after the judgment of dismissal had entered against Marriott, Gonzales filed her motion to vacate. Specifically, she moved pursuant to: (1) Mass. R. Civ. P., Rule 60(b)(1), contending mistake, inadvertence, surprise, or excusable neglect; (2) Mass. R. Civ. P., Rule 60(b)(2), contending that the ownership and management of the premises by Nairn and Courtyard, respectively, was newly discovered evidence; (3) Mass. R. Civ. P., Rule 60(b)(3), contending that Marriott committed fraud and misrepresentation concerning ownership of the premises; and (4) Mass. R. Civ. P., Rule 15, relying on the general preference for allowing liberal amendment of pleadings. The motion was supported by an affidavit of her counsel. On November 14,2012, the motion was denied without any findings, and this appeal followed.
A determination on a Rule 60(b) motion under subsections (1), (2), and (3) is left to the sound discretion of the trial judge, which will not be disturbed absent a showing of an abuse of that discretion. Trustees of Stigmatine Fathers, Inc. v. Secretary of Admin. & Fin., 369 Mass. 562, 565 (1976). Such an abuse is characterized by ‘“a clear error of judgment in weighing’ the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives.” L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), citing Zenos v. Verizon N.Y., Inc., 252 F.3d 163, 168-169 (2d Cir. 2001), and Adoption of Mariano, 77 Mass. App. Ct. 656, 660 (2010). “Rule 60(b) is remedial in character and subject to a liberal interpretation and application in a situation where the mischief leading to the judgment occurs at the pretrial stage. In addition, the rule has been said to contemplate an equitable balancing of interests in determining the merits of a motion brought under its provisions.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). A Rule 60(b) motion must be made within a reasonable time, but for reasons under subsections (1), (2), and (3), not more than one year after the judgment[2] Rule 60(b).
*105 Rule 60(b) (1) allows for relief from a final judgment based on “mistake, inadvertence, surprise, or excusable neglect” The determination of a 60(b) (1) motion based on excusable neglect “requires a case by case assessment of the circumstances,” Berube, supra at 430, but at a minimum, the following should be considered: “(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.” Id. at 430-431. Applying all of the above principles, we find that the trial judge did not abuse his discretion in denying Gonzales’s motion to vacate.
Final judgment dismissing the claim against Marriott entered on September 30, 2011. Despite learning of the true ownership of the premises in early September, or at the latest in early October, 2011, Gonzales’s attorney did not file the motion to vacate until September 28,2012, two days short of the one-year time limit prescribed by Rule 60(b) (1). No explanation was offered for this delay. Instead, Gonzales chose to file claims against Naim and Courtyard that were clearly outside the statute of limitations. Further, although the affidavit of Gonzales’s counsel states that the claim is a “slip and fall,” the record is devoid of any showing of the merits of that claim.[3] While the conduct did take place prior to trial and appears to be chargeable to Gonzales’s counsel, the matter is now seven years past the date of the fall and prejudice to the defendants is likely.
Rule 60(b) (2) provides that the court may relieve a party from a final judgment on the ground of “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).” Gonzales argues that the identity of Naim and Courtyard as the owner and manager of the premises was newly discovered evidence at the time she filed the motion to vacate. Evidence is “newly discovered” only if it was ‘“unknown and unavailable at the time of trial despite the diligence of the moving party[1] (emphasis supplied). The diligence required is ‘reasonable diligence’” (citations omitted). Reznik v. Yelton, 2011 Mass. App. Div. 1, 9. A copy of an entry from the Worcester assessors online database attached to Marriott’s opposition to Gonzales’s motion to vacate indicates that Naim has owned the premises since March 24, 1999. Thus, ownership information was available at the time Gonzales filed suit. In addition, Marriott provided the information in its affidavit filed on September 6,2011, over a year before Gonzales moved to vacate the dismissal.
With regard to Mass. R. Civ. P., Rule 60(b) (3), Gonzales asserts that in the three years following her fall, Marriott committed fraud and misrepresentation concerning ownership of the property. This consisted, she argues, of having MCS actively negotiate with Gonzales toward settlement of the claim to the point of sending a release. The record, however, reveals that while MCS did negotiate with Gonzales, it did not represent that Marriott owned the property. Contrary to Gonzales’s contention that *106 the release named Marriott as the only defendant, the release named Marriott and “its parents, subsidiaries, affiliates, predecessors, successors, directors, officers, shareholders, employees, agents, (‘Marriott Releasees’) and all other persons, firms and corporations legally responsible or in privity with the Marriott Releasees.” Counsel for Gonzales claims that based on his communications with MCS and his Internet research, he believed that Marriott was the owner of the premises. It appears that rather than relying on an alleged misrepresentation by Marriott, Gonzales’s counsel simply assumed this based on his dealings with MCS, which insured not only Marriott but also Naim and Courtyard.
Finally, while Mass. R. Civ. P., Rule 15, permits an amendment substituting or adding defendants after the statute of limitations has ran, see Wadsworth v. Boston Gas Co., 352 Mass. 86, 89 (1967), the rule applies to an ongoing case. Where, as here, a judgment of dismissal has entered, Rule 15 considerations would have to be preceded by an allowance of a motion to vacate under Rule 60(b).
Marriott seeks costs and attorney's fees pursuant to Dist./Mun. Cts. R. A. D. A., Rule 25, for the defense of this appeal, contending that this appeal is frivolous and in bad faith. We do not so find and decline to order this.
The order of the Worcester District Court denying Gonzales’s motion to vacate dismissal for the limited purpose of amending the complaint to substitute defendants was correct and is affirmed.

 In his affidavit attached to the motion to vacate, Gonzales’s attorney avers that he did not appear at the hearing on the motion because his paralegal failed to calendar the motion or inform him that it had been filed. He concedes in his brief, however, that he would not have been able to challenge the motion in good faith as Marriott was not the owner or in control of the premises on July 11,2008.

 Marriott argues that the operative date for the purpose of the one-year calculation is September 12,2011, the date that the trial judge allowed the motion to dismiss, rather than September 30,2011 when judgment for dismissal was entered on the docket. It is the latter date that controls. See Melican v. Ramella, 1992 Mass. App. Div. 106, 109 (“[N]o post judgment action is properly or seasonably taken ... until a judgment becomes effective upon proper entry on the docket by the trial court clerk.”).

 The only other reference to the facts was made during oral argument on the motion to vacate where counsel for Gonzales argued that in the fall, Gonzales broke her ankle and had $8,000.00 in medical bills.